OLIN H. MUNCY V. STATE.

No. 31,212. December 16, 1959.
Motion for Rehearing Overruled January 20, 1960.

*Phillip Bordages,* Beaumont, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is the unlawful possession of marihuana; the punishment, five years.

About 4:11 A.M. Patrolmen Solace and Ancelet, of the Port Arthur Police Department, pursued and stopped an automobile driven by one Gruitel. Appellant was the only other person in the automobile and occupied the front seat with Gruitel.

Before the Gruitel car stopped the patrolmen had observed the movements of the two men and testified that it appeared that the driver, Gruitel, handed something to appellant, his passenger, and appellant leaned over as though he was placing what had been handed to him under the seat.

The officers described the appearance of appellant and Gruitel and testified that their first impression was that they were under the influence of intoxicating liquor.

A can of marihuana was found under the front seat which was occupied by appellant, and was introduced in evidence after it had been identified as marihuana by a chemist and toxicologist for the Texas Department of Public Safety.

No objection as to the admissibility of the marihuana and the evidence relating to its being found appears to have been offered.

Appellant's first claim for reversal is predicated upon the following testimony of the state witness Officer Lyons, on direct examination:

"Q. To your knowledge, do you know if these two men (referring to appellant and Gruitel, his co-indictee) were ever charged with smoking marihuana? A. Yes Sir."

The question and answer, standing alone, would indicate that the witness was testifying as to a prior charge involving another crime.

The witness Lyons had testified that he received the can and its contents from Officer Solace and sent it to the laboratory of the Texas Department of Public Safety at Austin. He failed to send cigarette butts which one of the arresting officers testified contained material similar in appearance to the contents of the can. That Lyons was referring to the accusations of Officers Solace and Ancelot when they delivered the can of marihuana to him, and not to an extraneous offense, is made clear by the following additional questions and answers which are a part of his testimony:

"Q. They were charged with smoking or possession? A. Are you talking about here?

"Q. Right, in this case?"

It was at this point that appellant objected and moved for mistrial, and the trial judge instructed the jury to "disregard any allusions, if any were made, of any prior offense the defendant committed because there is no evidence of any offense that defendant committed." The complaint is that the court overruled appellant's motion that a mistrial be declared.

Later, in the further direct examination of the witness Lyons, the following appears:

"Q. Now of your own knowledge in this case, do you know whether or not these two men were charged with possession of marihuana rather than smoking marihuana? A. Possession of marihuana.

"Q. And they were not charged with smoking of marihuana in this case? A. No Sir."

In view of the arresting officer's testimony that appellant and Gruitel appeared to be under the influence of marihuana, and of the instructions given the jury by the trial judge, the testimony of Officer Lyons was not such as to require that a mistrial be declared.

The place in the car where the can of marihuana was found and the movements and position of appellant in the car, and his appearance, were sufficient to sustain the jury's finding that he was in possession of the marihuana, either alone or jointly with the driver of the automobile.

Complaint is made that in arguing the case before the jury counsel for the state stated that "the use of marijuana is a blight on society" and that the purpose of the law is "to stop all traffic in this weed, which is the first step toward addiction."

We see no error in these remarks. Whether one may become addicted to the use of marihuana is not controlling. The argument, properly we think, referred to its use as the first step toward addiction to the use of narcotics.

In his closing argument the district attorney stated: "If he (the defendant) knew it (the marihuana) was under the seat and it was close enough for him to be in control of, that would be sufficient possession in this case."

We do not agree that these remarks show an incorrect statement of the law. As we construe the remarks, the district attorney was arguing that the evidence was sufficient to show possession as defined in the court's charge.

We commend court-appointed-counsel for his diligent efforts in his client's behalf.

Finding no reversible error, the judgment is affirmed.