Patrice **BOUCHARD**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19529.

United States Court of Appeals
Ninth Circuit.

May 1, 1965.

Patricia C. Remmes, San Francisco, Cal., for appellant.

Jo Ann D. Diamos, U. S. Atty., Tom Karas, Lawrence Turoff, U. S. Attys. Phoenix, Ariz., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and MERRILL, Circuit Judges.

JERTBERG, Circuit Judge.

This appeal is from a judgment of conviction after trial to a jury on an information charging violation of 18 U.S. C.A. § 2312, (1948).[1] This court's jurisdiction is founded upon 28 U.S.C.A. §§ 1291, 1294.

The specification of errors relied upon by appellant is stated in his opening brief to be as follows:

"I. Appellant did not have a fair trial because he did not have competent counsel as guaranteed by the Sixth Amendment to the Constitution of the United States.

"II. Appellant did not have a fair trial because his rights under the Fourth Amendment to the Constitution of the United States were impinged.

"III. It was prejudicial and reversible error to admit the confessions and admissions of appellant

1. "§ 2312. Transportation of stolen vehicles

"Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,- 000 or imprisoned not more than five years, or both."

which were made while appellant was in custody.

"IV. The evidence is not sufficient to sustain a conviction."

Before considering the specification of errors, we will first summarize the testimony which was before the jury for consideration.

Appellant, a French Canadian, rented a 1964 Dodge from the Hertz Drive-UR-Self Corporation in Quebec City, Canada on December 27, 1963. Athough the car was rented for a period of only one day, appellant drove the Dodge south to Florida and then to California where he was involved in an accident. After attempting unsuccessfully to sell the car to the repairman who was engaged to repair the damage, appellant abandoned it and rented a 1964 Ford automobile from Avis-Rent-A-Car System, Incorporated in San Francisco on February 16, 1964.[2]

The rental agreement signed by appellant was received in evidence. It is dated February 16, 1964 and states that the vehicle will be returned not later than February 17, 1964 to San Francisco and that the vehicle would be used in the State of California. Appellant removed the California license plates from the Ford and replaced them with the Canadian plates from the Dodge. He drove to Pasadena, California where he stayed for approximately ten days. He then drove the Ford to Las Vegas, Nevada and finally to Phoenix, Arizona, arriving 16 days after renting the car. Upon appellant's statement to a Phoenix bartender that he would like to sell the Ford, the bartender introduced him to one Winn who attempted to sell the car for a commission. Winn was unsuccessful because the Avis identification stickers affixed to the automobile made it obvious that the car had been rented. A Phoenix police officer testified (for reasons which do not appear in the record) that he followed appellant and Winn as they drove away from a hotel, and that when they stopped the Ford he approached the vehicle and observed them removing Avis identification stickers from the door and bumper of the car. An agent of the Federal Bureau of Investigation testified that he also followed the vehicle and as appellant and Winn drove away from the hotel he observed appellant turn the rear view mirror and make "a downward motion with his hand". The agent further testified that two Avis stickers which previously had been attached to the Ford's rear view mirror had been removed.

The only witness on appellant's behalf was appellant himself. He testified that he had rented the Dodge in Canada, driven it to California, and had attempted to sell it thinking if he sold the car to the garageman the garageman would repair the car with greater dispatch. Appellant further testified: that he had rented the Ford in San Francisco for "one day at a time or if I needed it for more days I have to pay for it"; that he was only "kidding" when he had attempted to sell the Dodge; that he didn't intend to steal the car; that he had arranged with Winn to sell the car because he wanted to "save face" after having told the bartender that he wanted to sell it; and that he had told the F.B.I. agent, when accosted, that he owned the Ford.

Appellant's first assignment of error dealing with the appointment of counsel contains two assertions: (1) that his trial counsel was not competent; and (2) that he was denied counsel guaranteed to him by the Sixth Amendment.

■■ With regard to (1) above, appellant must show that counsel was "so incompetent or inefficient as to make the trial a farce or a mockery of justice." Reid v. United States, 334 F.2d 915, 919 (9th Cir. 1964). No such showing has here been made. Appellant sets forth no facts whatsoever to substantiate any charge of dereliction on the part of coun-

2. It is this second automobile which is described in the information. The evidence relating to the first automobile was objected to at the trial as being unconnected with the offense charged in the in-formation. The evidence was admitted for the sole purpose of showing appellant's intent with regard to the offense charged and the jury was so instructed.

sel. The trial judge at the conclusion of the trial openly commended the quality of appellant's attorney's services. The assignment is without merit.

■ In the opening brief, appellant contends that he was held for twenty days (from the time of his arrest until his appearance before the District Court for the entry of his plea) without having been brought before a magistrate and advised of his rights as required by Rule 5 of Federal Rules of Criminal Procedure; and that although the record does not show appellant requested counsel during that period, the lack of counsel during such period constituted a denial of counsel within the meaning of the Sixth Amendment.

At oral argument, counsel for appellant [who was appointed by this court to represent appellant on the appeal] stated that she was unaware at the time of filing the opening brief of the facts set forth in the succeeding paragraph and until a supplemental record was filed after the filing of the opening brief.

The supplemental record reveals that appellant was arrested and taken into custody at approximately 3:00 p. m., on the afternoon of March 5, 1964. The record discloses that on the same day, March 5, he was taken before a United States Commissioner. The record of proceedings, in part, contains the following statement of the Commissioner:

"Defendant presented to me at this time and was fully infor[m]ed as to ALL his legal rights in the premises; his right to retain counsel and to have a preliminary hearing and his right to waive same; Deft. admonished that he was not required to make any statement and such coul[d] be used agains[t] him in Court. *Deft. waived counsel and hearing.*" (Emphasis supplied.)

The record of proceedings before the District Court on March 25, 1964, discloses that appellant was again advised of the right to counsel, etc., and on this occasion requested counsel, whereupon the court appointed counsel who defended him at the trial. We find no error.

Appellant next argues that no probable cause existed for appellant's arrest; that the arrest was therefore illegal; and that the admission at the trial of certain evidence obtained pursuant to the arrest was violative of the Fourth Amendment to the United States Constitution. The evidence referred to is the California license plates which had originally been attached to the Ford but which had been replaced by the Canadian plates and which the Phoenix police officer testified he had found among appellant's personal belongings at the police station (the plates themselves were not introduced into evidence).

■■ No objection was made at the trial to the officer's testimony in this regard or was a motion to suppress the allegedly illegally seized evidence at any time made as required by Rule 41(e), Federal Rules Crim.Proc., 18 U.S.C.A. Failure to make objection to evidence either before or at trial precludes consideration of objections thereto on appeal unless good cause for such failure is shown. Gilbert v. United States, 307 F.2d 322 (9th Cir. 1962). No "good cause" is shown here.

■ The third alleged error specified by appellant is that it was error to admit the confessions and admissions of appellant. The alleged error is raised for the first time on this appeal. No good cause appears why we should consider this specification. We decline to do so.

It is last urged that the evidence is insufficient to sustain the conviction. We disagree. The evidence which we have summarized furnishes overwhelming proof of each and every essential element of the offense charged and fully sustains the jury's verdict.

■ United States v. Golden, 166 F.Supp. 799 (D.C.N.Y.1958) upon which appellant places sole reliance is inapposite on its facts. There the District Court acting as the trier of fact concluded that the evidence was insufficient to show an intention on the part of the

accused to convert the vehicle to his own use. We agree with the Fourth Circuit that:

"Not only is [United States v.] Golden distinguishable based on the use of a credit card, which, as the court found, the defendant believed would pay for the use of the car, but that case illustrates the duty of the district court, when it acts as the trier of fact, to determine the intent of the accused. Of course, after the trier of fact has made its determination, the case on appeal rests in a much different posture." United States v. Welborn, 322 F.2d 910, 912 (4th Cir. 1963).

Here the trier of fact, by its verdict, has concluded otherwise and we must sustain such verdict, taking the view most favorable to the Government, if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Appellant's contention that the vehicle was not sufficiently identified is untenable. The California license plates found among appellant's belongings matched the plate numbers which the Avis rental agent testified were on the Ford when it was rented.

The judgment of conviction is affirmed.