Grafton,
No. 5363.

PETITION OF DANA L. GRAHAM.

Argued October 5, 1965.
Decided December 30, 1965.

*Mack M. Mussman* (by brief and orally), for the plaintiff.

*William Maynard*, Attorney General, and *George S. Pappagianis*, Deputy Attorney General (*Mr. Pappagianis* orally), for the State of New Hampshire.

LAMPRON, J. The parties agreed upon the following material facts in a prior petition for a writ of certiorari which agreement prevails in the present action.

"Dana L. Graham, aged nineteen, appeared with counsel before the municipal court of Lincoln on September 16, 1963 on a complaint charging him with reckless operation of a motor vehicle. He pleaded not guilty. After hearing he was adjudged guilty and sentenced to pay a fine of $100, $25 suspended and a suspended sentence of 60 days in the house of correction. No appeal was taken." *Petition of Graham*, 106 N. H. 118, 119.

On May 4, 1964, on a plea of guilty to a charge of crossing a yellow line, Graham was fined $20. At that time the justice also imposed a $25 fine and a sentence of 20 days in the house of correction on the suspended sentence of September 16, 1963. On the prior petition this court held that the imposition of the suspended fine and sentence was lawful. *Petition of Graham*, *supra*, 121.

In his present petition Graham states that he obtained legal counsel through his parents to represent him in the proceedings of September 16, 1963. He alleges that prior to the hearing this attorney advised him "plead not guilty to protect your rights" without explaining what his rights consisted of. Graham also states that at the hearing no witnesses were called by the defense and that he was advised not to take the stand to contradict the testimony of the chief of police, the only witness against him.

He alleges that after the chief's testimony "the Court called a recess and that there was a conference between the said Chief of Police and the defendant's counsel outside the courtroom, the subject matter of which the defendant was not advised by his counsel and immediately after said recess the Court issued the sentence."

Graham's petition further alleges "that the said counsel did not consult with the defendant after said sentence nor advise him of the consequences nor did said counsel inform the defendant of his right to appeal but did merely instruct the defendant to pay the fine. That the defendant was not aware at the time of sentence or was not aware within 30 days thereafter that he, the defendant, could be imprisoned and made to serve a sentence of 60 days in the House of Correction. That if the defendant had been advised of his rights of appeal and the significance of the sentence that he would have immediately appealed the matter to the Superior Court for trial by jury," which right he has lost because of the improper and inadequate advice of his counsel.

Although it does not specifically appear in his petition, the plaintiff states in his brief that the basis for the relief he seeks is that he had a constitutional right to the effective aid of counsel at all stages of the above proceedings and that he did not have a fair trial because he failed to receive such aid from counsel retained for him by his parents to represent him at that trial.

In a prosecution for a felony it is now established law that the Sixth Amendment's guarantee of the assistance of counsel requires the effective aid of counsel in the preparation and trial of the case and that compliance with this requirement is fundamental and essential to a fair trial. *Gideon* v. *Wainwright*, 372 U. S. 335; *Powell* v. *Alabama*, 287 U. S. 45; *Turner* v. *State of Maryland*, 318 F. 2d 852 (4th Cir. 1963); *Commonwealth* v. *Maroney*, 416 Pa. 451; *United States* v. *Fay*, 348 F. 2d 705, 707 (2d Cir. 1965); *In re Shuttle*, 214 A. 2d 48, 49 (Vt. 1965). See Annot. 74 A. L. R. 2d 1390, 1399. However these cases leave unanswered the question whether the above rights apply to criminal prosecutions for misdemeanors or "petty" offenses. See *District of Columbia* v. *Clawans*, 300 U. S. 617, 624; Tenth Report, N. H. Judicial Council, *pp.* 22, 23; 49 Va. L. Rev. 1150, 1157.

The plaintiff, in the trial about which he complains, was charged with reckless operation of a motor vehicle which offense carries a maximum fine of $100, or imprisonment not more than 6

months, or both. RSA 262-A:61 (supp). Taking the maximum penalty as the test (See *People* v. *Washington*, 259 N. Y. S. 2d 209) this offense is considered a misdemeanor or "petty" offense. See *District of Columbia* v. *Clawans, supra*; *State* v. *Ring*, 106 N. H. 509; RSA 594:1 ( supp ); RSA 604-A:1 ( supp ) (Laws 1965, 296:1); Perkins, Criminal Law 10; 1 Burdick, Law of Crime, *s.* 81, *p.* 80. A short answer to plaintiff's contention would be that the constitutional requirements of effective aid of counsel on which he bases his petition do not apply to the offense with which he was charged and it follows that his petition was properly dismissed.

However because the broad terms in which these rights have been defined have resulted in doubt whether the rights of the accused to counsel and effective assistance of counsel are confined to prosecutions for felonies or embrace all criminal prosecutions, whether felonies or misdemeanors, it seems proper and useful to consider the plaintiff's contentions on their merit. See Tenth Report, N. H. Judicial Council, *p.* 22; 49 Va. L. Rev. 1150, 1157.

To support the issuance of a writ of certiorari or habeas corpus on an allegation of ineffective assistance of counsel it must be found that counsel's conduct amounted to a denial of due process. *Commonwealth* v. *Maroney*, 417 Pa. 567. "The right to counsel and the effective assistance of counsel does not vest the petitioner with the absolute privilege of retroactively assessing the quality of his counsel's trial representation against his present feeling as to what might have been better strategy." *Commonwealth* v. *Rundle*, 417 Pa. 383, 388. "If counsel made a mistake, it was clearly a mistake in judgment or in trial tactics and it has been repeatedly held that such mistakes do not deprive an accused of a constitutional right," *Tompa* v. *Commonwealth of Virginia*, 331 F. 2d 552, 554 (4th Cir. 1964). "The fact that a different or better result may have been obtained by a different lawyer does not mean that the defendant has not had the effective assistance of counsel." *Scott* v. *United States*, 334 F. 2d 72, 73 ( 6th Cir. 1964 ); *Silva* v. *Cox*, 351 F. 2d 61, 63 ( 10th Cir. 1965 ).

Various courts and legal writers have expressed in varying language the requirements of the Sixth and the Fourteenth Amendments pertaining to the effective assistance of counsel. "It is only when the incompetence or neglect of a lawyer, either appointed or employed to defend one charged with a crime, results in . . . reducing the trial to a farce" (*State* v. *Mode*, 57 Wash. 2d 829,

833; *Bouchard* v. *United States,* 344 F. 2d 872 (9th Cir. 1965))
and a "mockery of justice" (*Scott* v. *United States,* 334 F. 2d
72, 73 (6th Cir. 1964)) can it be said that the accused was
deprived of his constitutional rights. *Melton* v. *People,* 401 P.
2d 605 (Colo. 1965). See Annot. 74 A. L. R. 2d 1390, 1399.
Stated in another way, "the services of counsel meet the require-
ments of the due process clause when he is a member in good
standing at the bar, gives his client his complete loyalty, serves
him in good faith to the best of his ability, and his service is
of such a character as to preserve the essential integrity of the
proceedings as a trial in a court of justice. He is not required
to be infallible." *United States* v. *Ragen,* 176 F. 2d 579, 586
(7th Cir. 1949); 49 Va. L. Rev. 1531, 1536.

In his petition the plaintiff first complains that prior to the
trial his attorney advised him "plead not guilty to protect your
rights" without explaining what his rights consisted of. We see
nothing unusual in this advice or deleterious to plaintiff's con-
stitutional rights. On the contrary this would be considered sound
advice.

Plaintiff's petition next alleges "that the defendant was not
allowed to take the witness stand to contradict the testimony of
the Chief of Police . . . and that after the testimony of the said
Chief the Court called a recess and that there was a conference
between the said Chief of Police and the defendant's counsel out-
side the courtroom, the subject matter of which the defendant was
not advised by his counsel and immediately after said recess the
Court issued the sentence." The fact that the plaintiff was not
advised or called to testify in his defense can be an indication
that counsel thought he would fare better if he did not take the
stand. *McGrady* v. *Cunningham,* 296 F. 2d 600 (4th Cir. 1961);
*Tompa* v. *Commonwealth of Virginia,* 331 F. 2d 552 (4th Cir.
1964). There is no allegation in the petition that witnesses who
would help the defense were available or that their unavailability
was due to lack of preparation on the part of counsel. Hence
the resting of plaintiff's case without producing evidence may
well have been good strategy under the circumstances. *Williams*
v. *State of New Jersey,* 230 F. Supp. 316 (D. N. J. 1964).

Finally plaintiff's petition alleges that counsel did not consult
with him after sentence or advise him of its consequences, nor
did he inform him of his right to appeal which plaintiff alleges
he would have done if advised of the significance of the sentence
and of his right to appeal. The sentence imposed was far short

of the maximum penalty of $100 and six months imprisonment. It likely would have proved satisfactory to plaintiff, or as satisfactory as such matters can be, if he had not been involved in another motor vehicle violation within 8 months. The advice of counsel to pay the fine of $75 instead of taking an appeal is not in itself a mark of incompetence or bad advice which would constitute ineffective assistance of counsel. *Monroe* v. *Huff*, 145 F. 2d 249 (D. C. Cir. 1944); 1955 Wis. L. Rev. 281, 311.

The Trial Court may in its discretion decide the merits of plaintiff's contentions without an evidentiary hearing if satisfied that the allegations of the petition do not state facts sufficient to merit relief. *Spriggs* v. *State of North Carolina*, 243 F. Supp. 57, 59 (M. D. N. C. 1965). The burden is on the plaintiff to allege facts which if believed would establish that the legal representation he received was of such an inadequate nature as to violate the constitutional requirements of the Sixth and Fourteenth Amendments. *Bouchard* v. *United States*, 344 F. 2d 872 (9th Cir. 1965); *In re Shuttle*, 214 A. 2d 48, 49 (Vt. 1965). All the actions or inactions of counsel complained of in the petition could have been part of a rational plan of a competent lawyer trying to do his best for his client. 78 Harv. L. Rev. 1434, 1444.

We hold that the matters complained of in the petition fall short of establishing that the plaintiff did not receive professionally acceptable representation and assistance in the conduct of his defense and that the petition was properly denied. *In re Ernst's Petition*, 294 F. 2d 556, 558 (3d Cir. 1961); 14 Am. Jur. 2d, Certiorari, *s. 61, p.* 827.

*Exceptions overruled.*

KENISON, C. J., dissented; the others concurred.