**STATE of Texas, Appellant,**

**v.**

**T. M. WHITE et al., Appellees.**

**No. 4469.**

Court of Civil Appeals of Texas.

Waco.

March 24, 1966.

Rehearing Denied April 14, 1966.

Waggoner Carr, Atty. Gen., Robert D. McGee, Asst. Atty. Gen., Austin, for appellant.

Martin & Martin, Hillsboro, McKool & McKool, Les King, Dallas, for appellees.

WILSON, Justice.

In an eminent domain proceeding the condemnor contends the judgment is void because it was rendered out of term while the County Court was in vacation and

recess. The trial commenced August 8, 1965 and concluded with a jury verdict on August 12th. The judgment in condemnation was rendered September 2, 1965 and the order overruling appellant's motion for new trial is dated September 28th.

In January, 1947 the Commissioners Court entered an order fixing the terms of the County Court for transaction of civil business to be held on the third Monday in January, March, May, July, September and November, and to continue in session for six weeks. On July 12, 1965 an order was adopted reciting it was necessary to increase the length of County Court terms, and providing that they should begin on the first Monday of the same months previously fixed, and "remain in session until 12 o'clock of the Saturday night immediately preceding the first Monday of the succeeding term."

The pertinent constitutional and statutory provisions are presented by Justice Norvell in Henn v. City of Amarillo, 157 Tex. 129, 301 S.W.2d 71, and will not be repeated here. The July 12th order had the effect, in our opinion, to fix, extend and defer termination of the July, 1965 term of the County Court to midnight, September 4, 1965. i. e., the Saturday before the first Monday in September.

Art. 1962, Vernon's Ann.Civ.St., requires only that the order fixing the length of terms be entered "at a regular term" of the Commissioners Court. The 1965 order was so entered.

In fixing the terms of the County Court under authorization of Art. 5, Sec. 29 of the Texas Constitution, Vernon's Ann.St. and Art. 1962, Vernon's Ann.Civ. St., the Commissioners Court performs a legislative function and its order is subject to the rules of statutory construction. 2 Sutherland, Statutory Construction (3d ed.) Sec. 3905, p. 273; 1 Yokeley, Municipal Corporations (1956), Sec. 83, p. 211; 37 Am.Jur., Municipal Corporations, Sec. 187, p. 826.

In the absence of a provision deferring commencement of its operation, a legislative act or order of the Commissioners Court is effective as soon as it becomes law. A statute "speaks as of the time at which it takes effect." Moorman v. Terrell, 109 Tex. 173, 202 S.W. 727; 2 McQuillin, Municipal Corporations (Rev. ed.) Sec. 702, p. 735; 1 Sutherland, Statutory Construction, Sec. 1604, p. 267.

When the 1965 order was adopted it immediately fixed the regular July term of the County Court and the court was then in session. The order authorized it to "remain in session" through the date on which judgment was rendered. We are not here concerned with retrospective effect of the order on proceedings which occurred prior to its effective date, but on a subsequent judgment. The proceedings under attack therefore took place during the term; not in vacation.[1]

In our opinion the court properly overruled appellant's motion for new trial raising this contention. We have considered, and overrule appellant's other point concerning excessiveness of the verdict.

Affirmed.

---

1. In Reserve Life Insurance Co. v. Clary, Tex.Civ.App., 330 S.W.2d 526, no writ, relied on by appellant, the new order was not adopted until after the judgment complained of was rendered. The case is not in point. In Doss v. Waggoner, 3 Tex. 515, the Act fixing the term became effective after the spring session "had already passed." The portion of the opinion in Quinn v. Dickinson, Tex.Civ.App., 146 S.W. 993, no writ, relied on, is dictum. In that case the term fixed by the new law had completely expired before the judgment was rendered, and it was impossible for the judgment to have been rendered during the newly created term.