**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael James CASSIDY, Defendant-Appellant.**

**No. 24973.**

United States Court of Appeals, Ninth Circuit.

June 17, 1970.

Rehearing Denied Aug. 5, 1970.

---

---

Barry R. Hirschfield (argued), Oakland, Cal., Michael James Cassidy, in pro. per., for defendant-appellant.

Harry D. Steward, U. S. Atty., Joseph A. Milchen, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, HUFSTEDLER and KILKENNY, Circuit Judges.

PER CURIAM:

This appeal is taken from a conviction for bank robbery under 18 U.S.C. § 2113

(a) following a guilty plea. Appellant pleaded guilty on advice of counsel, apparently in the hope that the plea and sentencing under the lesser offense [1] would result in a shorter prison term.[2] During the course of the inquiry required under Rule 11, F.R.Crim.P., appellant disclosed that at the time of the robbery he was under the influence of LSD. He also asserted that he had known what he was doing when he robbed the bank.

On appeal appellant contends that he was not adequately represented by counsel since counsel should have known that appellant's best course was to plead not guilty and assert the defense of insanity.

Regardless of whether on these facts there was a probable insanity defense—a question we do not reach—it is clear that the guilty plea, given the strong evidence against appellant, was a valid alternative choice. Thus counsel's advice cannot be said to have fallen short of the required measure of competence. Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Bouchard v. United States, 344 F.2d 872, 874 (9th Cir. 1965).

Appellant also contends that the acceptance of the guilty plea by the District Court under these circumstances was error, since the fact that appellant was under the influence of LSD negated one of the elements of the crime (intent). We disagree. The District Court's inquiry satisfied the requirements of Rule 11 in this regard, and acceptance of the plea was entirely proper.

Judgment affirmed.

---

1. 18 U.S.C. § 2113(a), bank robbery "by force or violence, or by intimidation," carries a maximum sentence of 20 years' imprisonment and a $5,000 fine. 18 U.S.C. § 2113(d), bank robbery where life is put in jeopardy, under which appellant was originally charged, carries a maximum sentence of 25 years' imprisonment and a fine of $10,000.

2. Appellant received the maximum 20-year sentence provided for under § 2113(a).