Hillsborough
No. 6957

STATE OF NEW HAMPSHIRE

v.

EDWARD F. MCMILLAN

May 30, 1975

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*John A. Graf* and *Jon Groetzinger, Jr. (Mr. Groetzinger* orally) for the defendant.

GRIFFITH, J. On January 31, 1974, the defendant was found guilty by a jury of aggravated assault and sentenced to not more than ten years nor less than nine years in State prison to be served consecutively with a sentence the defendant was then serving. Motions for a new trial and reconsideration of sentence were denied subject to exception by the Trial Court *(Cann,* J.) who reserved and transferred defendant's exceptions.

Defendant excepted to the refusal of the trial court to instruct the jury that they could find the defendant guilty of the lesser included offense of simple assault. The evidence of the State was that the defendant assaulted Terry Miller without provocation violently with his fists and a large knife. The defendant relied upon an alibi, claiming he was not present at the alleged assault. If the evidence for the State were accepted, it would not permit a finding of simple assault and the state's evidence was the only evidence of the character of the assault. "[W]hile a judge cannot prevent a jury from rejecting the prosecution's entire case, he is not obligated, under these circumstances, to assist a jury in coming to an irrational conclusion of partial acceptance and partial rejection of the prosecutor's case by giving a lesser included instruction." *Driscoll v. United States,* 356 F.2d 324, 327 (1st Cir. 1966); *State v. O'Brien,* 114 N.H. 233, 317 A.2d 783 (1974).

The defendant's argument based upon the necessity of proof of a specific intent must be rejected since aggravated assault is not a crime of specific intent. *State v. Brough,* 112 N.H. 182, 184-85, 291 A.2d 618, 620-21 (1972). We also reject the claim that defendant's alibi evidence would not permit a jury to find guilt beyond a reasonable doubt since the jury could believe or disbelieve the alibi evidence. *State v. Cote,* 108 N.H. 290, 293, 235 A.2d 111, 114 (1967).

The defendant claims that his right to a speedy trial was denied in violation of his rights under the sixth amendment to the United States Constitution and N.H. CONST. pt. I, art. 14. Defendant was

originally arraigned February 2, 1973, and trial scheduled for May 21, 1973. Defendant was then serving a sentence in the New Hampshire State prison and on March 17, 1973, was transferred to the United States Penitentiary in Lewisburg, Pennsylvania, returning to the State prison June 21, 1973. Defendant was tried in January of 1974, and it does not appear he ever requested a trial before that date. However, on May 21, 1973, he filed a motion to dismiss based upon his incarceration out of the State preventing consultation with counsel. This was denied and subsequently he was available in the State prison for consultation with counsel for several months. A motion to dismiss for failure to grant a speedy trial was denied August 13, 1973. We recently, in *State v. Blake,* 113 N.H. 115, 305 A.2d 300 (1973), examined the state and federal constitutional guarantees of a speedy trial. There is no evidence in this case of a deliberate delay sought by the prosecution and we do not find that defendant was prejudiced by the delay. Tested by the standards set forth in the *Blake* case, we find no violation of defendant's constitutional right to a speedy trial. *Barker v. Wingo,* 407 U.S. 514 (1972).

While the delay of trial to January of 1974 did not prejudice the defendant on the merits of the case it has given substance to the claim here that he was improperly sentenced to a consecutive sentence. Defendant was sentenced on January 31, 1974, for the assault committed November 9, 1972. On November 1, 1973, the New Hampshire Criminal Code, RSA title LXII went into effect. Defendant was sentenced in accordance with the provisions of RSA ch. 607 (repealed effective November 1, 1973) which permits consecutive sentences. The Criminal Code provides in RSA 651:3 III, except for certain crimes not relevant here, that all sentences shall be concurrent, and RSA 625:2 II provides that for an offense committed prior to the effective date of the criminal code, "the court may, with the consent of the defendant, impose sentence under the provisions of this code."

The defendant notes that in *Doe v. State,* 114 N.H. 714, 716, 328 A.2d 784, 785 (1974) we stated that RSA 625:2 II provided that a defendant "may, at his election, be sentenced either under the prior law or the code." Defendant argues that this dictum indicates a defendant has the sole election to determine whether his sentence shall be under the code or the prior law. The statement in *Doe* was not intended to interpret the statute as depriving the trial court of its discretion to sentence under the code or prior law granted by the statute. We now hold that if the defendant consents the trial court "may", in its discretion, sentence under the code but the consent of

the defendant does not require the trial court to sentence under the code. The State concedes that it does not appear that the trial court considered RSA 625:2 II. Accordingly the case must be remanded in order that the trial court may exercise its discretion under RSA 625:2 II.

*Remanded; other exceptions of defendant overruled.*

All concurred.