Hillsborough
No. 7328

STATE OF NEW HAMPSHIRE v. EDWARD F. McMILLAN

February 27, 1976

*David H. Souter,* attorney general, and *Peter W. Heed,* attorney (*Mr. Heed* orally), for the State.

*John P. Shea,* by brief and orally, for the defendant.

PER CURIAM. The defendant contends that the Trial Court (*Cann,* J.) abused its discretion by imposing an excessive sentence. At the time the present case was tried, the defendant was serving a nine-to-ten year sentence for an aggravated assault which he committed on December 13, 1972. *See State v. McMillan,* 114 N.H. 569, 324 A.2d 732 (1974). In the present case, the defendant received a nine-to-ten year sentence, to be served after the prior sentence, for an aggravated assault which he committed on another person on November 9, 1972. This sentence is authorized by the statutes in force on the date of the offense.

Between the date of the offense and the date of sentencing, the New Hampshire Criminal Code took effect. RSA 625:2 II provides that for an offense committed prior to the effective date of the Criminal Code, "the court may, with the consent of the defendant, impose sentence under the provisions of this code." The Criminal Code differs from the prior law in two respects. First, the Criminal Code, as it stood at the time of sentencing, provided that the defendant would serve his sentence for this conviction concurrently with his sentence for his prior conviction. RSA 651:3 III. This provision was repealed by Laws 1975, 158:2, which took effect July 25, 1975, eighteen days after the trial court held its hearing on remand. Second, the maximum sentence for aggravated assault under the Criminal Code is three-and-a-half to seven years. RSA 631:2; 651:2 II.

In his previous appeal the defendant argued that the trial court was bound by his request that sentence be imposed under the

Criminal Code. This court held that the trial court in its discretion could impose sentence under the statute in force at the time of the offense. This court found "that it does not appear that the trial court considered" its option of sentencing under the Criminal Code. Because the defendant sought to be sentenced under the Code, the case was remanded so the trial court could consider this option. *State v. McMillan,* 115 N.H. 268, 339 A.2d 21 (1975). After a hearing, the trial court reaffirmed the sentence previously imposed, denied the defendant's motion for reconsideration, and reserved and transferred his exceptions.

The defendant then applied to the review division of the superior court. RSA 651:57 *et seq.* (Supp. 1975; Laws 1975, 267:1) (Batchelder and Douglas, JJ.; Blandin, Judicial Referee). The defendant appeared before the review division, and, through counsel, presented evidence and argument. The review division affirmed the sentence.

The sentence in this case minimizes the defendant's opportunity for parole. The wisdom of this practice, as distinct from its legality, has been questioned. *State v. Belanger,* 114 N.H. 616, 619-20, 325 A.2d 789, 791 (1974); ABA Standards, Sentencing Alternatives and Procedures § 3.2 (c) (1968). It is necessary to bear in mind the seriousness of the offense. "[T]he defendant assaulted Terry Miller without provocation violently with his fists and a large knife." *State v. McMillan,* 115 N.H. 268, 269, 339 A.2d 21, 22 (1975). The sentencing judge presided at trial and twice held hearings to consider the sentence. The review division saw and heard the defendant, received other evidence, and reaffirmed the sentence. On this record we cannot say there has been an abuse of discretion.

*Exceptions overruled.*