Original
No. 7498

ROBERT BREEST

v.

RAYMOND A. HELGEMOE, WARDEN
NEW HAMPSHIRE STATE PRISON

January 31, 1977

Robert Breest, pro se.

*David H. Souter,* attorney general, and *James L. Kruse,* assistant attorney general, by brief, for the defendant.

KENISON, C.J. This is a petition for habeas corpus filed in the Merrimack County Superior Court. *Keller,* C.J., transferred the petition for consideration by this court. Robert Breest was convicted of first degree murder in March 1973 and was sentenced to life imprisonment. On April 5, 1973, the court certified the killing as psychosexual in nature. RSA 607:41-b, -c (Supp. 1972) *now* RSA 651:45-b, -c; *see State v. Breest,* 116 N.H. 734, 367 A.2d 1320 (1976). The plaintiff alleges that certain changes made by the legislature in 1975 in the parole eligibility laws have operated to his detriment and violate the federal constitutional prohibitions against ex post facto laws and bills of attainder. U.S. CONST. art. 1, § 9.

Senate bill 163 (Laws 1975, 244:1), entitled "Uniformity of Parole Eligibility Requirements" states in pertinent part:

> Except for prisoners serving sentences governed by RSA 651:45-a and 45-b, for the purpose of determining eligibility for release on parole only, the minimum term of a prisoner who has been sentenced prior to the effective date of this code shall be deemed to be either the longest minimum sentence which could have been imposed for a class A felony under RSA 651:2, II, or his actual minimum sentence, whichever is shorter.

This provision was to have become effective on September 2, 1975, but on June 26, 1975, the legislature passed and the Governor approved Senate bill 352 (Laws 1975, 506:1) which amended Senate bill 163 (Laws 1975, 244:1) as follows:

> 506:1 Uniformity of Parole Eligibility Requirements. Amend RSA 651:45, III, as inserted by 1973, 370:37, as amended by 1975, 244:1, by striking out said paragraph and inserting in place thereof the following:
>
> III. The release of prisoners sentenced to the state prison in accordance with sentencing provisions of law in effect prior to the effective date of this code shall be governed by the law in effect immediately prior to said effective date. However, except for prisoners serving sentences pursuant to conviction of murder in violation of RSA 585:1, murder which is psychosexual in nature as defined in RSA 607:41-d, and manslaughter in the first degree in violation of RSA 585:8, and for the purpose of determin-

ing eligibility for release on parole only, the minimum term of a prisoner who has been sentenced in accordance with sentencing provisions in effect prior to the effective date of this code shall be deemed to be either the longest minimum sentence which could have been imposed for a class A felony under RSA 651:2, II, or his actual minimum sentence, whichever is shorter.

This law, instead of Senate bill 163, became effective on September 2, 1975.

Senate bill 163 lessened the severity of parole eligibility standards for pre-Code convicts except those whose sentences are governed by RSA 651:45-a and :45-b, the code provisions relating to eligibility of parole for persons convicted of psychosexual murder. The plaintiff believes that he stood to benefit from this bill because he is a pre-Code convict who is not "serving sentence governed by RSA 651:45-a and 45-b." His sentence is governed by RSA 607:45-a and :45-b—the substantially identical predecessors of RSA 651:45-a and :45-b. It is true that Senate bill 352 takes away whatever benefit might have been available to the plaintiff under Senate bill 163.

 Even if the plaintiff is correct in assuming that he would have been eligible for favorable parole treatment had Senate bill 163 taken effect—an issue we need not decide—it is clear that there is no merit in his contention that, by amending Senate bill 163 prior to its effective date, the legislature unconstitutionally deprived him of some right. The general rule is that a statute speaks from the time it goes into effect. *People v. Righthouse,* 10 Cal. 2d 86, 72 P.2d 867 (1937); *Kennelly v. Lowery,* 64 Cal. App. 2d 903, 149 P.2d 476 (1944); *State v. White,* 401 S.W.2d 854 (Tex. Civ. App. 1966); *see* 2 J. Sutherland, Statutes and Statutory Construction § 33.07 (4th ed. C. Sands 1973). Before that time no rights may be acquired under it. *State ex rel. Atkinson v. Northern Pac. Ry. Co.,* 53 Wash. 673, 102 P. 876 (1909) ; *see Pickens v. Mc-Math,* 215 Ark. 332, 220 S.W.2d 602 (1949); *State ex rel. Banks v. Taylor,* 199 Tenn. 507, 287 S.W.2d 83 (1955). The allegedly beneficial provision in Senate bill 163 never became law. Under Senate bill 352, which did become law on September 2, 1975, the plaintiff is no worse off than before. Thus, he was entitled to nothing, he

lost nothing, and he is in no position to complain. *See State v. Nichols*, 117 N.H. 57, 369 A.2d 614 (1977).

*Plaintiff's petition denied.*

DOUGLAS, J., did not sit; the others concurred.