Dear Mr. Harvey:
This opinion letter is in response to your questions concerning Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216, and 231, 84th General Assembly, First Regular Session (hereinafter "the bill"). The questions you posed are as follows:
 1. If the salary commission met on September 16, 1987 to vote on salary increases for county officeholders when the law did not become valid until September 28, 1987, was the meeting invalid and does the salary commission need to meet again?
 2. If the salary commission establishes a percentage of the maximum as compensation at a level so low that no officer receives a raise, then will the "future" office-holders (those elected or re-elected in 1988 and future years) receive the percentage of the maximum voted by the salary commission, even if it involves the new officeholder receiving a salary cut; or will the salary continue at the present level in 1989 and future years?
 3. If the answer to question 2 is yes, the future officeholders would take a cut; can the salary commission reconvene to amend the percentage so that no future office-holder takes a salary cut?
Section 7 of the bill creates salary commissions for non-chartered counties and sets forth the procedures whereby these salary commissions are to meet and set compensation for county officers. No such salary commissions existed prior to the enactment of the bill.
The effective date of this section of the bill is established by Article III, Section 29 of the Missouri Constitution. This section states, in pertinent part:
 No law passed by the general assembly, except an appropriation act, shall take effect until ninety days after the adjournment of the session in either odd-numbered or even-numbered years at which it was enacted.
Pursuant to this constitutional provision, the effective date of this section of the bill was September 28, 1987.
You have informed us the salary commission met on September 16, 1987, 12 days prior to the effective date of this legislation. The general rule is that a statute speaks from the time it goes into effect. Breest v. Helgemoe, 369 A.2d 612,613 (N.H. 1977); 2 J. Sutherland, Statutes and Statutory Construction, Section 33.07 (4th Ed. C. Sands 1973). Before that time no rights may be acquired under it. Id.
In State ex rel. City of Charleston v. Holman,355 S.W.2d 946 (Mo. banc 1962), the Missouri Supreme Court considered a situation where the legislature enacted a bill to implement two constitutional sections authorizing cities to issue general obligation bonds and revenue bonds for industrial development. This bill was passed and approved on June 26, 1961, and carried an emergency clause, the legality of which was challenged. In August, 1961, the city adopted an ordinance approving a plan and project for industrial development by construction of a building to be paid by general obligation bonds and an ordinance calling for an election of the voters to authorize the city to incur this indebtedness. The Missouri Supreme Court found that the emergency clause in this bill was not valid and that the bill, pursuant to the above-cited constitutional provision, did not, therefore, become effective until October 13, 1961, which was some two months after the actions taken by the city. The court further determined that any acts taken by the city prior to the effective date of this legislation were without authority of law. See also Petitionof Monroe City, 359 S.W.2d 706 (Mo. banc 1962).
In some instances action taken prior to the effective date of legislation may be acceptable, but such action must be of a preliminary nature and not affect substantive rights of any person. In Missouri Attorney General Opinion No. 237, Judd, 1977, a copy of which is enclosed, this office opined that actions undertaken by a local government in anticipation of forthcoming rights, when such activities are preliminary in nature and do not violate the substantive rights of persons affected, are not necessarily invalid. See also Vrooman v.City of St. Louis, 337 Mo. 933, 88 S.W.2d 189 (Mo. banc 1935).
In the instant matter, however, the meeting and vote of the salary commission was more than a mere preliminary matter. The vote taken by the commission altering the compensation for the county officers would certainly be deemed to be of a substantive nature affecting the rights of these persons. As such, the salary commission had no authority to vote prior to the effective date of this section of the bill. Any vote held before September 28, 1987, the effective date of this section of the bill, would be invalid. Sections 7.5 and 7.6 of the bill mandate that the salary commission shall meet before November 30, 1987, for the purpose of determining the compensation for county officers. Inasmuch as no valid and effective meeting and vote has yet occurred, the salary commission needs to hold such a meeting prior to November 30, 1987, for this purpose.
Your next question deals with whether setting the salaries as a percentage of the maximum compensation may result in a pay cut for future officeholders.
Section 7.6 of the bill states:
 At its meeting in 1987, the salary commission shall determine the compensation to be paid to every county officer holding office on January 1, 1988. At any meeting in following years, the salary commission shall determine the compensation to be paid to every county officer until the next meeting of the salary commission.
Section 7.7 states:
 The salary commission shall establish the compensation for each office at an amount not greater than that set by law as the maximum compensation. If the salary commission votes not to pay the maximum amount authorized by law for any officer, then the compensation shall be expressed as a percentage of the maximum allowable compensation, and any officer whose compensation is being established by the commission at that time shall receive the same percentage of their maximum amount.
Section 7.9 states:
 The provisions of this section shall not require or permit a reduction in the amount of compensation received by any person holding office as of the effective date of this section.
This office addressed a question similar to your second question in Missouri Attorney General Opinion Letter No. 170-87, a copy of which is enclosed. In that opinion letter we conclude that the compensation received by a county collector may not be decreased by virtue of the enactment of this bill during the present term of office of the county collector. At the expiration of this term of office, however, the provisions of the bill set a compensation limit for the county collector.
If the salary commission, therefore, elects to establish compensation at ten percent of the maximum compensation authorized under the bill, then all officeholders commencing their next term of office before the next meeting of the salary commission will be paid only ten percent of the maximum allowable compensation beginning with the next term of office, whether the person holding office at that time is presently an officeholder or not.
Your third question deals with reconvening the salary commission and amending a prior vote of the salary commission. Enclosed is a copy of Missouri Attorney General Opinion Letter No. 199-87 wherein this office addressed this question and concluded that the salary commission can meet and consider and reconsider, as often as it chooses, up until November 30, 1987, the decision regarding the establishment of the compensation of county officers.
In summary, it is the opinion of this office that (1) the salary commission had no authority to vote prior to the effective date of this section of the bill, September 28, 1987, and any vote held before September 28, 1987, would be invalid, and (2) if the salary commission elects to establish compensation at ten percent of the maximum compensation authorized under the bill, then all officeholders commencing their next term of office before the next meeting of the salary commission will be paid only ten percent of the maximum allowable compensation beginning with the next term of office.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Attorney General Opinion No. 237, Judd, 1977 Attorney General Opinion Letter No. 170-87 Attorney General Opinion Letter No. 199-87