Dear Senate Howard H. Hendrick,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Did retirees under the Teachers' Retirement System acquire anaccrued right to free health insurance under the repealedprovisions of H.B. 1473, 1987 Okla. Sess. Laws, c. 236, 177?
¶ 1 House Bill 1473, 1987 Okla. Sess. Laws, c. 236, provided that when the law became effective certain retirees were thereafter to receive free health insurance with the insurance premiums to be wholly paid by the Teachers' Retirement System. The statutory sections that spoke of these provisions for free health insurance were, by their own terms, not to become operative until July 1, 1988. See 1987 Okla. Sess. Laws, c. 236,179. However, before July 1, 1988, the Legislature canceled those provisions and created a plan whereby health insurance premiums of up to the amount of seventy-five dollars ($75.00) per month would be paid by the Teachers' Retirement System. H.B. 1731, 1988 Okla. Sess. Laws, c. 165, 18.
¶ 2 Your question asks whether teacher retirees acquired vested rights to free health insurance, even though the law granting such benefits was canceled before it went into effect.
¶ 3 It is noted that once the Legislature has passed legislation that creates vested benefit rights, such rights can not generally be detrimentally affected by subsequent repeal.Baker v. Oklahoma Firefighters Pension and Retirement System,718 P.2d 348 (Okla. 1986); Oklahoma Constitution, Article II, Section 15 and Article V, Section 54. Your question, it is assumed, seeks interpretation as to whether the changes proposed in H.B. 1473 were of such character.
¶ 4 In Baker the Legislature had set up a plan whereby increases in benefits were to inure to police and firefighter retirees in relationship to the current salaries of active police and firefighters. Under the statute, when active officers' salaries increased, so did the pensions of retirees. The Baker
court found that these cost-of-living adjustments could not be taken from those retirees.
¶ 5 The circumstances and the law discussed in Baker are, however, quite different from the circumstances and the law surrounding H.B. 1473. The Baker cost-of-living provisions, which had already become effective law, called for a change in benefits at a future date. The H.B. 1473 insurance provisions, which had not become effective law, called merely for a change in law at a future date. Teacher retiree benefits after the passage of H.B. 1473 remained exactly the same. The law to alter those benefits never went into operation.
¶ 6 The Legislature is free to change the law and free to say when a law may become effective. See Cities Service Oil Co. v.Oklahoma Tax Commission, 129 P.2d 597 (Okla. 1942), and Nicholsv. Helgemoe, 369 A.2d 614 (N.H. 1977). With H.B. 1473 the Legislature set the effective date in the future. Before the future date arrived, the Legislature substituted another insurance plan. The Legislature halted the institution of the first plan by repealing the law before it became effective. Teacher retirees thus could not have acquired rights under such a plan, as it never came into operation or had any effect.
¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that retirees under the Teachers' Retirement System didnot acquire an accrued right to free health insurance under theprovisions of H.B. 1473, 1987 Okla. Sess. Laws, c. 236, 177. Theprovisions of H.B. 1473 did not bestow a change in retirementbenefits upon teacher retirees, as the Legislature canceled thepending changes in the law prior to the July 1, 1988, effectivedate.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
GUY L. HURST ASSISTANT ATTORNEY GENERAL