951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orlando Michael SAMPLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-56072.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1991.*
Decided Dec. 11, 1991.
 
 Before BEEZER, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Orlando Michael Sample, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Sample pleaded guilty in 1987 to bank robbery and use of a firearm during the robbery. We review de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm in part and vacate and remand in part.
 
 
 3
 Sample first argues that his conviction is invalid because his indictment "was not returned by a legally constituted grand jury, but by the U.S. Attorney's Office." This contention lacks merit. The district court record demonstrates that an indictment was returned by the grand jury on April 28, 1987.[1]
 
 
 4
 Sample next contends his counsel rendered him ineffective assistance. To demonstrate ineffective assistance of counsel, a defendant must show that the counsel's performance fell below an objective standard of reasonableness and that the conduct prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Conduct falls below an objective standard of reasonableness when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. In the context of a plea bargain, prejudice is demonstrated if there is a reasonable probability that but for the counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 5
 In support of his claim of ineffective assistance of counsel, Sample asserted that his counsel "failed to investigate vital defenses on behalf of her client such as alibi witnesses, insurance status of the institutions charged in the faulty indictment, inspection of the voir dire of the grand jury, and the indictment itself." He also asserted that his attorney coerced his plea by telling him that he was more likely to receive a lenient sentence if he pleaded guilty instead of going to trial." Finally, he maintained that she "failed to move for dismissal of the charges due to the illegal arrest procedure," which allegedly was defective because no arrest warrant was issued.
 
 
 6
 Sample has not established that his attorney's conduct was so unreasonable that it was outside the wide range of reasonable professional competence demanded of criminal defense attorneys. Strickland, 466 U.S. at 689. A lawyer's advice to plead guilty in the face of strong inculpatory evidence does not constitute ineffective assistance of counsel. United States v. Cassidy, 428 F.2d 383, 384 (9th Cir.) (per curiam), cert. denied, 400 U.S. 966 (1970). Furthermore, Sample, who was arrested as he was fleeing the scene of the bank robbery, has not demonstrated that his arrest was improper. Moreover, insofar as Sample may be alleging that his conviction is invalid because he never appeared before a magistrate for a probable cause hearing, his claim lacks merit because an indictment against him was returned by the grand jury.
 
 
 7
 Sample also contends his guilty plea was not voluntary in violation of the requirements of Fed.R.Civ.P. 11 and due process because he was "totally blind as to what he was actually pleading to" and did not understand the elements of the crime to which he pleaded guilty or the maximum sentence he faced.
 
 
 8
 For a section 2255 movant to successfully challenge a guilty plea based on a violation of Rule 11, he must establish that the error resulted in a complete miscarriage of justice or a violation of due process. See United States v. Timmreck, 441 U.S. 780, 783-85 (1979); United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Voluntariness can be determined only by examining all of the circumstances surrounding the guilty plea and cannot be presumed from a silent record. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin, 395 U.S. at 293. The accused must be aware of the nature and elements of the charges against him and the possible punishment he faces. Id. He also must understand that he is waiving his constitutional privileges to avoid compulsory self-incrimination, to confront his accusers, and to a trial by jury. Id.
 
 
 9
 A district court must hold an evidentiary hearing to determine voluntariness "[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985).
 
 
 10
 Sample entered his guilty plea on July 27, 1987. No transcript of the plea proceedings has been prepared. The government argues that the minute order of the plea proceedings demonstrates that Sample was questioned regarding his plea and that his plea was voluntary. The minute order, which is signed by a deputy clerk, states only that "the Court questions the defendant regarding plea of Guilty and finds it knowledgeable and voluntary and orders the plea accepted and entered." Moreover, in denying Sample's section 2255 motion, the district court did not discuss the merits of his argument but summarily denied the motion.
 
 
 11
 Given that voluntariness can be determined only by examining all of the circumstances surrounding the plea and cannot be presumed from a silent record, Brady, 397 U.S. at 749, we cannot presume from the minute order that Sample's guilty plea comported with the requirements of Rule 11 and due process. Moreover, because a transcript of the plea proceedings has not been prepared, the district court record is insufficient to evaluate whether Sample's challenge to the voluntariness of his guilty plea has any merit. Id.
 
 
 12
 On appeal, Sample contends the district court erred in denying his motion for production of documents, including a transcript of the plea proceedings, produced at government expense. The government informed the district court that it had no objection, and the district court granted the motion. An indigent prisoner proceeding on a habeas petition is entitled to receive at government expense copies of court documents under 28 U.S.C. § 2250. United States v. Connors, 904 F.2d 535, 536 (9th Cir.1990). On remand, the district court shall provide Sample with copies of the transcript he needs to present his challenge to the voluntariness of his plea agreement to the district court. The district court then shall evaluate Sample's challenge to his guilty plea in the context of the plea proceedings.
 
 
 13
 AFFIRMED in part and VACATED AND REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Sample also attacks the grand jury proceedings, which he characterizes as a "rubber stamp," and alleges that the prosecutor presented false information to the grand jury. Because this issue was not raised in the district court and presents an unresolved question of fact, we decline to consider it. Telco Leasing, Inc. v. Transwestern Title Co., 630 F.2d 691, 693 (9th Cir.1980)