Merrimack
No. 80-088

## THE STATE OF NEW HAMPSHIRE

v.

## GERARD J. BEAN, JR.

December 31, 1980

*Gregory H. Smith*, acting attorney general (*David L. Harrigan*, assistant attorney general, on the brief and *Paul Barbadoro*, attorney, orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

GRIMES, C.J.  The issues we decide in this kidnapping case are whether the seizure of the defendant's automobile by the police pending the acquisition of a search warrant violated the defendant's fourth amendment rights, and whether it was error for the Trial Judge (*Souter*, J.) not to give cautionary instructions regarding evidence of a prior conviction which defense counsel brought out during his direct examination of the defendant. We find no error.

Gerard Bean, the defendant, was indicted for kidnapping Jennifer Boynton on October 10, 1978. The victim managed to escape and stopped a passing motorist, who called the police on a CB radio. The police, after investigation, determined that there was probable cause to arrest the defendant. Attempts to find the defendant failed until two hours later, when the police learned that he had returned to his home. When the police arrived at the defendant's home, he, his wife, and his child were walking toward his automobile, which was parked in the driveway. Just as he reached the vehicle, the police arrested the defendant and brought him to the police station. His automobile was also taken to the station, where it was locked, placed in the police garage, and marked with a sign which read: "Do not touch: Evidence." The next morning, pursuant to a warrant, the police searched the automobile and took photographs of its exterior and interior. The State used these photographs to corroborate the testimony of the victim and other witnesses who identified the automobile used during the kidnapping. The victim, on the date of the kidnapping, had given the police a detailed description of both the interior and exterior of her kidnapper's vehicle.

At trial, the defendant objected to the use of the photographs as being the fruit of an illegal seizure of his automobile. He raises no issue regarding the validity of the search warrant. The State urges us not to consider the issue of the validity of the seizure because

the defendant did not move to suppress prior to trial. *See* Superior Court Rule 94; Fed. R. Crim. P. 12(b)(3). The trial court failed to rule specifically on the timeliness of the motion, but nevertheless considered it and ruled the evidence admissible. In effect, this action is an exercise of discretion to consider the motion, as allowed by Superior Court Rule 94, and we find no abuse of discretion. We therefore proceed to the merits of the defendant's argument that his automobile was illegally seized.

When the police officers arrived at the defendant's home, the defendant and his family were approaching the automobile with the obvious intention of leaving. If the police had not seized the vehicle at the time they arrested the defendant, his wife could have moved the automobile and hidden the potential evidence. These circumstances were sufficiently exigent to permit the seizure of the automobile without a warrant. *People v. Peter,* 55 Ill. 2d 443, 455, 303 N.E.2d 398, 406 (1973), *cert. denied,* 417 U.S. 920 (1974); *see Coolidge v. New Hampshire,* 403 U.S. 443, 462 (1971); *United States v. Evans,* 481 F.2d 990, 992–93 (9th Cir. 1973).

The defendant points out that his wife and child went to the station with him, thus arguably eliminating the risk that she would abscond with the automobile. Nevertheless, at the time the police officers undertook the warrantless seizure of the vehicle, there were exigent circumstances justifying their action, and the right to continue to hold the vehicle was not destroyed by later events. *Cf. Texas v. White,* 423 U.S. 67 (1975) (per curiam). Moreover, it is not clear that the defendant's wife would have gone to the station had the car not also been taken. The defendant argues that the police should have placed the car under guard to prevent anyone from using it until they had obtained a warrant for its seizure. This course of conduct, however, would not have been any less intrusive for constitutional purposes than that chosen by the police. *Chambers v. Maroney,* 399 U.S. 42, 51–52 (1970).

The defendant argues that this case is controlled by *Coolidge v. New Hampshire supra.* In *Coolidge,* the police arrested the defendant in his home, seized his automobile, which was parked in his driveway for several days, and towed it to the police station, where they searched it. The United States Supreme Court held that there were no exigent circumstances justifying the warrantless search even had it been made before the vehicle was taken to the police station and that, therefore, the search was illegal. *Id.* at 461–64. In *Coolidge,* however, the police, for several days, had probable cause to search the car and there were no exigent circumstances which justified its search without a

warrant. In this case, the defendant and his family were about to drive the car away when the police moved in, arrested the defendant, and seized the car. Thus, there were exigent circumstances justifying the warrantless seizure. *See Cardwell v. Lewis*, 417 U.S. 583, 594–95 (1974). Furthermore, in *Coolidge*, the police not only seized the car but also searched it without a valid warrant. Here all the police did was to seize the car without a warrant and then properly took the safer course and obtained a warrant before searching it. *See Arkansas v. Sanders*, 442 U.S. 753 (1979). We hold that the seizure of the defendant's automobile was legal and that, therefore, the evidence in question was properly admitted.

■ The defendant also complains about the trial judge's failure to give limiting instructions regarding the use to be made of the evidence of his prior conviction. Before the State rested, the prosecutor informed the court that he intended to use a prior conviction to impeach the defendant's credibility if he took the stand. The court ruled the conviction admissible but acknowledged that a limiting instruction would have to be given both at the time of admission and also in the final instructions. *See State v. Cote*, 108 N.H. 290, 297, 235 A.2d 111, 116 (1967), *cert. denied*, 390 U.S. 1025 (1968). Defense counsel, as a matter of trial tactics, brought out the prior conviction during his direct examination of the defendant, and the prosecution did not refer to the prior conviction either in cross-examination or in argument. The court did not give, and the defendant did not request, any limiting instruction. Nor did the defendant object or except to the fact that the final instructions included no such instruction. The defendant, therefore, has waived his right to raise the question here. *State v. Jones*, 120 N.H. 652, 653, 421 A.2d 1004, 1005 (1980) (per curiam); *State v. Carroll*, 120 N.H. 458, 461, 417 A.2d 8, 10 (1980).

The contemporaneous objection and exception rule is especially applicable to the facts of this case. Although the trial court recognized the necessity for giving limiting instructions if the prosecution had used the prior conviction, it is not clear that the defendant would want the instructions where he himself brought out the evidence and the State made no mention of it. Absent a request, the court could reasonably conclude that the defendant would prefer not to have the prior conviction emphasized by an instruction relating to it. *See Lakeside v. Oregon*, 435 U.S. 333, 340–41 (1978).

*Exceptions overruled; affirmed.*

BOIS, J., did not sit; the others concurred.