Merrimack
No. 82-336

WALTER WOODMAN, JR.

v.

EVERETT I. PERRIN, JR.,
WARDEN OF NEW HAMPSHIRE STATE PRISON

February 29, 1984

546

*Pizzimenti & Immen*, of Concord (*Dennis Pizzimenti* on the brief and orally), for the plaintiff.

*Gregory H. Smith*, attorney general (*Ronald F. Rodgers*, assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J.   This is an appeal from the denial by the Superior Court (*Cann*, J.) of the plaintiff's petition for a writ of habeas corpus. The plaintiff is an inmate at the New Hampshire State Prison, having pled guilty in 1972 to the crime of first degree murder. *See* former RSA 585:1 (1955). In 1981, the plaintiff was the subject of a disciplinary hearing which culminated in the plaintiff's loss of his accrued statutory good time, *see* RSA 607:51-b, I (Supp. 1972), and his accrued meritorious good time, *see* RSA 607:51-b, II (Supp. 1972). The plaintiff argues that he should have faced a maximum loss of 365 days of good conduct credits. We disagree and affirm the trial court on this issue.

The plaintiff was serving a life sentence for murder when he escaped from the State prison on May 1, 1981. At the time of his sentencing, a sentence to life imprisonment carried a minimum sentence of eighteen years. RSA 607:41-a (Supp. 1972). Good conduct credits could be used to reduce this minimum sentence. RSA 607:51-b (Supp. 1972). Following his escape, the plaintiff was recaptured in New Mexico and returned to the State prison on June 22, 1981. On July 17, 1981, the disciplinary board of the State prison found the plaintiff guilty of escape and revoked all his good conduct credits.

The plaintiff claims that the disciplinary board's power to mete out punishment for disciplinary infractions is prescribed by the appropriate provisions of the State prison's *Manual For the Guidance of Inmates* (1981 ed.) (Manual). The plaintiff points to the part of the Manual dealing with disciplinary hearings and section 5 thereunder, entitled "Punishment." *Manual* at 63–64. This section states that following a finding of guilty at a major disciplinary hearing, a "[f]orfeiture of not more than three hundred sixty-five (365) days of earned good conduct time" may be imposed. *Id.* The plaintiff main-

tains that, by imposing a forfeiture of more than 365 days, the disciplinary board exceeded its authority.

■■ The procedural prerequisite for a court's consideration of a petition for a writ of habeas corpus is an allegation of a present deprivation of a protected liberty interest. *See Martineau v. Perrin,* 118 N.H. 167, 168, 384 A.2d 135, 136 (1978). The plaintiff contends that if the disciplinary board had ordered the forfeiture of only 365 days of his accrued good conduct credits, the application of his remaining credits against his minimum sentence would make him presently eligible for parole. The State does not contest the plaintiff's arithmetic; consequently, we will assume that the plaintiff's petition is not procedurally deficient.

In 1972, the plaintiff was sentenced pursuant to former RSA chapter 607 (Supp. 1972). Former RSA 607:51-b (Supp. 1972) governed credits for good conduct and provided the warden with the discretion to subject a prisoner to the loss of all or any portion of accrued credits for any serious act of misconduct or insubordination. RSA chapter 607 (Supp. 1972) was replaced by RSA chapter 651 (Supp. 1981) (effective November 1, 1973), and this latter chapter was in effect at the time of the plaintiff's escape and his disciplinary hearing. Former RSA 651:45, III (Supp. 1981) (repealed by Laws 1983, 461:33) makes the law in effect as of the time of a prisoner's sentencing govern the terms of that prisoner's release from prison. Thus, argues the plaintiff, former RSA 607:51-b, III (Supp. 1972) retains its effectiveness and applicability to him and the terms of his release. Furthermore, the plaintiff's argument continues, the warden himself circumscribed the discretion granted him by former RSA 607:51-b, III (Supp. 1972) to ordering the forfeiture of no more than 365 days of accrued good conduct credits. The warden placed this check on his discretion, it is contended, through the promulgation of the Manual and its provisions regarding disciplinary hearings and punishments.

In his analytic effort, the plaintiff attempts to steer between provisions in the Manual and in former RSA 651:55-b, III (Supp. 1981) (now codified at RSA 651-A:22, IV (Supp. 1983)). The Manual contains the following passage: "Any inmate who attempts to escape will be fired upon. Apprehension is sure, swift and will result in additional confinement and the *automatic loss of earned good conduct time and meritorious good conduct time.*" Manual at 26. (Emphasis added.) Undaunted by this provision, the plaintiff directs the court's attention to former RSA 651:55-b, III(a) (Supp. 1981) which provides: "Any prisoner who escapes from the state prison or from custody of any person charged with his custodial safekeeping

. . . will automatically suffer the loss of all accrued good conduct credits."

The plaintiff attempts to escape the effect of both these provisions with a single argument: The statute, RSA 651:55-b (Supp. 1981), clearly has no application to his situation for he was sentenced before the passage of the Criminal Code, and so former RSA 651:45, III (Supp. 1981) makes former RSA chapter 607 (Supp. 1972) apply to him. Also, for the same reason, inasmuch as the offensive language in the Manual is assuredly derived from former RSA 651:55-b (Supp. 1981), it has no bearing on his situation. The plaintiff further maintains that if this language in the Manual is inapplicable to him, the provision in the Manual regarding a maximum forfeiture of 365 days remains the only provision that can be applied to his situation.

■■ The Manual (1981 edition) used at the plaintiff's disciplinary hearing does post-date the effective date of former RSA 651:55-b (Supp. 1981), August 22, 1979. However, we will not adopt the plaintiff's analysis, which argues on the one hand that, through the Manual, the warden has defined the scope of his discretion, while arguing on the other hand, that the warden may not exercise that discretion in a manner that the Manual permits. Also, if the court were to adopt the plaintiff's restrictive reading of the Manual, we would be ascribing to the officials at the State prison the authorship of an administrative rule that directly conflicts with a statute, former RSA 651:55-b (Supp. 1981). Administrative officials do not possess the power to contravene a statute, *Kimball v. N.H. Bd. of Accountancy*, 118 N.H. 567, 568, 391 A.2d 888, 889 (1978), and we will not construe an administrative rule as an attempt to do so.

■ Accordingly, we find nothing in the Manual that impermissibly circumscribes the power of the disciplinary board. The discretion of the warden granted under former RSA 607:51-b, III (Supp. 1972) remained, therefore, unfettered by the Manual. Consequently, the warden, through the disciplinary board, was within his authority when he revoked all of the plaintiff's accrued good conduct credits. *See Martel v. Hancock*, 115 N.H. 237, 239, 339 A.2d 9, 11 (1975).

The plaintiff finally argues that the computation by the disciplinary board of the amount of credits he was to forfeit was erroneous. He alleges that he lost not only his accrued credits but also any good conduct credits that he could earn during the remainder of his prison term. The State argues that the issue of the prison's accounting for good conduct credits was not raised below and so is not properly before the court. *See Dabaoul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148. 1149 (1983). The plaintiff rejoins by stating that

his *pro se* petition should be read liberally and be deemed to have raised the issue.

We will treat the issue as having been raised by the plaintiff's petition. However, inasmuch as we do not have a record before us outlining the State prison's method of accounting for good conduct credits, we shall remand this issue to the superior court. In doing so, we point out that the unambiguous language of RSA 651-A:22, IV(a) (Supp. 1983) (formerly RSA 651:55-b, III(a)) limits the loss of statutory good time for escape to "all accrued good conduct credits." *Id.*

The remaining arguments raised by the plaintiff in his notice of appeal were not briefed; therefore, we regard those issues as waived. *State v. Berry*, 124 N.H. 203, 210, 470 A.2d 881, 885 (1983); *State v. Perkins*, 121 N.H. 713, 715, 435 A.2d 504, 505 (1981).

*Remanded.*

KING, C.J., and SOUTER, J., did not sit; the others concurred.

Merrimack
No. 82-494

SUZANNE A. DUVAL

v.

JOYCE G. WIGGIN

February 29, 1984

*Branch & Greenhalge P.A.*, of Concord (*Frederic T. Greenhalge* on the brief and orally), for the plaintiff.

*Law Offices of Alexander J. Kalinski*, of Manchester (*Alexander J. Kalinski* and *Daniel J. Kalinski* on the brief, and *Alexander J. Kalinski* orally), for the defendant.

BROCK, J.  In this common-law action for alienation of affections, the defendant, Joyce G. Wiggin, appeals the denial of her motion to dismiss and her motions for nonsuit, for a directed verdict, and for judgment notwithstanding the verdict. Because we conclude that the trial court erred in denying the defendant's motion for judgment notwithstanding the verdict, we reverse.

By writ of summons dated July 15, 1981, the plaintiff, Suzanne A. Duval, alleged that the defendant alienated the affections of the

plaintiff's husband, Gerard. The parties do not dispute that the present suit was commenced before the legislature eliminated the recovery of damages in any action based on alienation of affections. *See* RSA 460:2.