Hillsborough
No. 84-210

## THE STATE OF NEW HAMPSHIRE

v.

## ACOVETH CAMARGO

July 24, 1985

*Gregory H. Smith*, attorney general (*Edna M. Conway*, attorney, on the brief, and *Jeremy F. Korzenik*, assistant attorney general, orally), for the State.

*Robert D. Smith*, of Manchester, by brief and orally, for the defendant.

KING, C.J.   The defendant appeals her conviction for receipt of a stolen vehicle, RSA 637:7, and claims that certain evidence was admitted in violation of her State and federal constitutional rights. We reverse the conviction and remand for a new trial.

On January 28, 1983, an officer of the Lawrence (Massachusetts) Police Department, while on patrol, stopped a dark brown Chevrolet Camaro driven by Lenora Sanchez, for failing to have a front New Hampshire license plate and inspection sticker. The driver could not produce the registration and certificate for the vehicle and, as a result, the officer tried to record the vehicle identification number (VIN) on the dashboard. Finding the number on the dashboard

illegible, the officer asked if he could check the door for a VIN. The driver agreed to the inspection and the officer took down the VIN on the door and phoned it in to the National Crime Information Center (NCIC) computer. Since the computer was not functioning at that time, the officer gave the driver a warning and let her proceed.

Thirty minutes later, the officer received a phone call from the dispatcher indicating that the computer was operational and that the VIN reported by the officer belonged to a car stolen in Newington, New Hampshire. The information concerning the stolen vehicle was transmitted to the Manchester (New Hampshire) Police Department. At the roll call for the Manchester Police Department the information concerning the brown Chevrolet Camaro was read.

At about 11:00 in the morning on July 13, 1983, Officer Paula Girard of the Manchester Police Department spotted a vehicle matching the description of the stolen vehicle given at roll call. Officer Girard stopped the vehicle, which was driven by the defendant, and asked for her license and registration. The officer checked the name and VIN from the dashboard on the computer and found no information that the automobile was stolen. Remembering that the police report was based on the door VIN, the officer opened the door and copied the VIN, without asking the defendant's permission. A computer check of the door VIN verified that the door was stolen. The defendant then produced a bill of sale from Hector Rivera.

Officer Girard arrested the defendant and charged her with a misdemeanor, receipt of stolen property. *See* RSA 637:7. The defendant was transported to the police station, and the automobile was taken to the Manchester Police Department lot and impounded.

At the police station, after examining the bill of sale and interviewing the defendant, Sergeant Calvin Colby decided to drop the charges against the defendant due to her apparent lack of knowledge that the door was stolen. While at the police station, the defendant signed a statement indicating that she had bought the car in Manchester from Hector Rivera at the Kimball Street Project.

On July 14, 1983, Sergeant Colby went to the lot where the vehicle had been towed, opened the door to inspect the VIN, and confirmed that it matched the VIN of a car which had been reported stolen in Newington, New Hampshire. The door and the license plates were removed before the car was returned to the defendant.

On July 22, 1983, at Sergeant Colby's request, the defendant returned to the police station. When Sergeant Colby challenged the defendant's earlier story, she admitted that her husband had given her the car and had told her that if she was stopped by the police she was to say that she had purchased the car at the Kimball Street

Project. Sergeant Colby then charged the defendant with receiving stolen property and with misuse of license plates, and had the vehicle towed from the parking lot of the defendant's apartment.

On July 27, 1983, Sergeant Colby and an employee of the department of motor vehicles inspected the impounded motor vehicle and found that the VIN on the engine mount was from a vehicle stolen in Newington, New Hampshire, as were numerous other VIN's on various parts of the automobile. The VIN on the dash had been taken from a second vehicle and refastened to the car. Sergeant Colby concluded that the whole automobile had been stolen and charged the defendant with a felony count for receiving stolen property. RSA 637:7 and :11 (Supp. 1983).

Before trial in the Superior Court (*Bean*, J.), the defendant moved to suppress "all evidence including . . . the said vehicle, the vehicle door, all oral and written statements, evidence obtained from the defendant, evidence obtained from the vehicle and any identifications." The defendant claimed that all of these searches, seizures and arrests were conducted without warrants and without probable cause, and violated her rights under the fourth amendment of the United States Constitution and part I, article 19 of the New Hampshire Constitution.

On appeal the defendant briefed and argued the following issues: (1) the stop of a vehicle by the Lawrence (Massachusetts) Police Department on January 28, 1983, was not valid; (2) the warrantless search of the impounded vehicle on July 14, 1983, violated the defendant's constitutional rights; and (3) the warrantless seizure of the vehicle on July 22, 1983, and the subsequent search on July 27, 1983, violated the defendant's constitutional rights.

The defendant makes all of her arguments under both State and Federal Constitutions. We begin, as we must, by first making an independant analysis of the protections afforded under the New Hampshire Constitution, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using decisions of the United States Supreme Court and other jurisdictions only as aids to our analysis, *see Michigan v. Long*, 103 S. Ct. 3469, 3476 (1983). Thereafter we need address federal constitutional issues only insofar as federal law would provide greater protection. *State v. Ball*, 124 N.H. at 232, 471 A.2d at 351.

■ "Every subject hath a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions." N.H. CONST. pt. I, art. 19. "[W]e interpret part I, article 19, to reflect the intent of the framers that all searches and seizures must be reasonable." *Ball*, 124 N.H. at 234, 471 A.2d at 352. "Unless a warrantless search falls within one of the few specifically

established and well delineated exceptions, it is *per se* unreasonable . . . ; [therefore] the State has the burden of proving, by a preponderance of the evidence, that a warrantless search was constitutionally permissible." *Id.*

■ On January 28, 1983, Officer John McDonald of the Lawrence Police Department stopped a dark-colored Chevrolet Camaro, because he observed that it did not display a current New Hampshire inspection sticker and had only one license plate instead of the two required by New Hampshire. Failure to comply with out-of-State registration and licensing requirements while operating a vehicle in Massachusetts is a violation of the Massachusetts Motor Vehicle Code. *See* MASS. GEN. LAWS ANN. ch. 90 § 3 (West Supp. 1985). Since the officer had observed a violation of the Massachusetts laws, his stop of the vehicle to check the license of the operator and the registration of the motor vehicle was proper under the New Hampshire Constitution, part I, article 19. *See State v. Brodeur*, 126 N.H. 411, 415–16, 493 A.2d 1134, 1137–38 (1985); *see also Colorado v. Bannister*, 449 U.S. 1, 4 (1980). Because the Federal Constitution provides no greater protection under the fourth amendment than the New Hampshire Constitution, part I, article 19, we make no separate federal analysis. *See State v. Ball*, 124 N.H. at 231–32, 471 A.2d at 350.

■ The defendant next contends that the warrantless search and seizure of the door on her impounded vehicle by the Manchester police on July 14, 1983, violated her rights under both State and Federal Constitutions. Again, we will first analyze the issues under our State Constitution. *See State v. Ball*, 124 N.H. at 231, 471 A.2d at 350. A warrantless search may be justified under the New Hampshire Constitution when both probable cause and exigent circumstances exist. *State v. Beede*, 119 N.H. 620, 627, 406 A.2d 125, 130–31 (1979), *cert. denied*, 445 U.S. 967 (1980).

The trial court noted that, "[a]t the time the vehicle was seized, it was being operated . . . thereby creating an inherently exigent circumstance" which justified a warrantless intrusion by Officer Girard. We agree that the exigency exception typically applies to searches of automobiles stopped while in transit, because of their mobility and the likelihood that the occupants will be alerted to the police suspicion and will remove or destroy the contents of the automobile. *See Coolidge v. New Hampshire*, 403 U.S. 443 (1971). We have held that the inspection of hidden VIN's on automobiles constitutes a search for purposes of our State Constitution. *State v. McGann*, 124 N.H. 101, 467 A.2d 571 (1983). In this case, the warrantless search of the VIN by Officer Girard when she stopped the

vehicle on July 13, 1983, did not violate the defendant's State constitutional rights because both probable cause and exigent circumstances existed.

■■ Once Officer Girard confirmed from the VIN on the door that it had been reported stolen, the officer had probable cause to arrest the defendant and seize the vehicle. *See State v. Berthiaume,* 124 N.H. 264, 266, 470 A.2d 893, 894 (1983) (citing *State v. Ball,* 124 N.H. at 237, 471 A.2d at 354 (1983)). Since it was impossible to seize the stolen door at the scene of the arrest, it was permissible to seize the whole automobile and tow it to a garage in order to detach the stolen door. In this instance no further search for VIN's occurred during the impoundment; therefore, the seizure of the door at the garage was justified because the door could not have been detached at the site of the initial arrest. The removal of the vehicle on July 13 and the detachment and seizure of the door on July 14 were justified by: probable cause, based upon the information that the door had been reported stolen; and the exigent circumstances caused by the automobile's mobility. Therefore, the impoundment and seizure of the door were reasonable under the New Hampshire Constitution. N.H. CONST. pt. I, art. 19. A federal analysis of this search and seizure of the door is not necessary because the protection afforded by the Federal Constitution is not greater than the protection under our State Constitution.

On July 22, 1983, the police seized the vehicle without a warrant and towed it from a private parking lot behind the defendant's apartment. The defendant objects to this warrantless seizure, claiming that the police lacked probable cause and exigent circumstances to seize the vehicle without a warrant. We agree that this seizure was unreasonable. *See* N.H. CONST. pt. I, art. 19.

When the automobile was parked behind the defendant's apartment in a private lot, the police had sufficient probable cause to obtain a search warrant for the defendant's automobile. On July 22, 1983, the defendant had admitted that she had falsely stated the circumstances surrounding her ownership of the vehicle and had attempted to conceal her source of acquisition of the vehicle. From these facts, and the fact that the door was stolen, the police could reasonably infer that there was a probability or likelihood that criminal activity involving that automobile had occurred. *See State v. Ball,* 124 N.H. at 235, 471 A.2d at 352–53.

■ Although probable cause existed, the exigency exception was not met because the automobile was parked and was therefore not mobile. *See Coolidge v. New Hampshire,* 403 U.S. at 462; *cf. State v. Bean,* 120 N.H. 946, 948, 424 A.2d 414, 415 (1980). Further, the par-

ties had already been alerted to police suspicion when, a week earlier, the defendant had been arrested and the car door had been seized. The police could have obtained a search warrant on July 22, 1983, before seizing the vehicle, and could have avoided incurring undue risk of the vehicle being moved by simply assigning an officer to observe the lot and automobile while they obtained the warrant. We hold that the warrantless seizure and subsequent search of the defendant's vehicle were unreasonable under the State Constitution because no exigent circumstances existed to justify a warrantless search. N.H. CONST. pt. I, art. 19; *State v. Beede,* 119 N.H. at 627–29, 406 A.2d at 130–31; *cf. Michigan v. Thomas,* 458 U.S. 259 (1982).

As a result of the illegal seizure of the vehicle on July 22, 1983, the evidence of the VIN's on the motor block and other concealed parts of the automobile should have been suppressed. Their admission at trial was error. Because that evidence formed the basis for increasing the misdemeanor possession to felony possession, the error was not harmless.

We will not reach the federal constitutional issues because the seizure of the parked automobile on July 22, 1983, was illegal under the New Hampshire Constitution. *See State v. Ball,* 124 N.H. at 237, 471 A.2d at 354; *see also Michigan v. Long,* 103 S. Ct. 3469 (1983).

Accordingly, we reverse and remand for a new trial excluding the evidence obtained as a result of the seizure of the vehicle on July 22, 1983.

> *Reversed and remanded for a new trial.*

All concurred.