Merrimack
No. 84-365
No. 84-394

### EDWARD C. FIELDERS

v.

### MICHAEL J. CUNNINGHAM, WARDEN, NEW HAMPSHIRE STATE PRISON

### LEONARD R. NIQUETTE

v.

### MICHAEL J. CUNNINGHAM, WARDEN, NEW HAMPSHIRE STATE PRISON

August 16, 1985

*Edward C. Fielders*, by brief, pro se.

*Leonard R. Niquette*, by brief, pro se.

*Stephen E. Merrill*, attorney general (*Ronald F. Rodgers*, assistant attorney general, on the brief), by brief for the defendant.

PER CURIAM. This case is a consolidation of two appeals from orders of the Superior Court (*Wyman*, J.), dismissing the plaintiffs'

petitions for writs of habeas corpus. The plaintiffs allege error in the court's determination that the warden correctly applied the provisions of RSA 651:55-b, II (1979), the meritorious good conduct credit provision. We affirm.

The plaintiffs are inmates of the New Hampshire State Prison. In their petitions, they contended that the warden applied RSA 651:55-b, II (1979) in a manner inconsistent with the language of that statute and the case law decided thereunder. The plaintiffs also argued that the warden's application of RSA 651:55-b, II (1979) was an unconstitutional violation of the prohibition against *ex post facto* laws. The court dismissed the petitions, and these appeals followed. On March 18, 1985, we summarily dismissed the plaintiffs' *ex post facto* arguments, leaving only the question regarding the warden's application of the statute. Although this case is arguably moot with regard to plaintiff Fielders, since he is presently out of prison, the question presented is still relevant to the incarceration of plaintiff Niquette.

The statute in effect at the time of the plaintiffs' offenses and sentencings was RSA 651:55-b (1974) (repealed by Laws 1983, 461:33), as it had been amended by Laws 1979, 407:1. The statute reads in part:

> "651:55-b *Credits for Good Conduct.* Any prisoner may by good conduct and obedience to the rules of said prison earn credits against his sentence as follows:
> I. Ninety days for each full year of the minimum term of his sentence, prorated for a part of any such year, [to be applied only against the minimum term of his sentence];
> II. In addition to the foregoing, 5 days for each month of meritorious service, which may be granted in the discretion of the warden for exemplary conduct. [Credits for meritorious service shall be applied against both the minimum and maximum terms of the sentence.]"

The bracketed provisions were added by the 1979 amendments. Those amendments also changed the first part of the statute, which had applied to both paragraphs, by deleting: "Any prisoner may . . . earn credit against both the minimum and maximum terms of his sentence. . . ." Laws 1973, 370:41. Passage of these amendments motivated the warden to review the method by which he had been calculating statutory good conduct credits under RSA 651:55-b, I, and meritorious service credits under RSA 651:55-b, II.

Prior to 1979, the statutory credit of 90 days for each year of a prisoner's minimum sentence (RSA 651:55-b, I) was deducted in full upon imposition of sentence. In addition, five days per month for meritorious service credit were subtracted from the minimum sen-

tence (RSA 651:55-b, II). The effect of deducting both types of credits fully from the minimum sentence was that a prisoner was initially given good conduct credit for time that might not actually be served. This is so because the granting of good conduct credits shortens an inmate's term of service, and thus, if the number of credits is calculated on the full term of the minimum sentence, some credits will be awarded for time which the inmate will not actually serve.

After passage of the 1979 amendments, the warden determined that the legislature did not intend this result. Thereafter, statutory good conduct credits continued to be deducted fully from the minimum sentence at the outset. Meritorious credits, however, were calculated only for time which would actually be served. The practical effect of this change in calculating meritorious credits was that a prisoner first became eligible for parole at a later date. *See Piper v. Perrin,* 560 F. Supp. 253, 254–55 (D.N.H. 1983) (explaining difference in caculating credits under the old and new systems).

The plaintiffs argue that the phrase "minimum term" used in RSA 651:55-b, II must be read as "minimum sentence." The amount of meritorious credit would thereby be based not upon the potential minimum *actual* service of the term, but upon the minimum sentence *as imposed.* This court has interpreted "minimum term" to mean "minimum sentence" in the context of former RSA 607:51-b, I (1971), the predecessor of RSA 651:55-b, I. In *Woodman v. Cunningham,* 126 N.H. 481, 493 A.2d 1167 (1985), a prisoner who had had all of his statutory good conduct credits revoked after his escape and recapture argued that only those credits which had accrued by virtue of the time he had actually served could be revoked. The warden argued that "minimum term" as used in relation to statutory credits referred to "minimum sentence" and that, since the credits had been computed on that basis, they must be revoked on that basis, without reference to time actually served. We agreed with the warden and recognized that this had been the longstanding application of the statutory good conduct provision.

Our holding in *Woodman* is of no help to the plaintiffs in the present case. As discussed above, after 1979 the warden continued to interpret minimum term to mean minimum sentence in the context of statutory credits. The warden did not, however, similarly interpret minimum term, as it was used in combination with maximum term, in the meritorious service credit paragraph. He determined that the legislative intent here was to grant these credits on the basis of the *actual* minimum time served.

The warden's interpretation was based on sound reasoning. The post-1979 application of the meritorious service credit statute is con-

sistent with the plain language of that statute which provides credit of "5 days for each month of meritorious service, which may be granted in the discretion of the warden for exemplary conduct." Use of the word "service" in this context indicates that credits can only be awarded for time served. As discussed above, this was not the method of calculation under the old system. The fact that under the new system a prisoner's parole eligibility date continued to be determined upon incarceration, taking into account meritorious service credits before they were earned, does not undermine the purpose of the statute. After 1979, these credits were calculated only for time which would actually be served. Moreover, the warden could presumably revoke these credits if the supposition upon which they were based, meritorious service, proved false. *See Piper,* 560 F. Supp. at 254 n.3.

For the above reasons, we find no error in the superior court's dismissal of the plaintiffs' petition.

*Affirmed.*