Grafton
No. 90-470

THE STATE OF NEW HAMPSHIRE

v.

DAVID M. HALE

July 27, 1992

*John P. Arnold*, attorney general (*Mark E. Howard*, assistant attorney general, on the brief, and *Ann M. Rice*, assistant attorney general, orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

BATCHELDER, J.   The defendant, David M. Hale, abandoned his pickup truck in a North Concord, Vermont dooryard. The vehicle registration plates had been stolen from a vehicle in Hanover, New Hampshire. The defendant fled into nearby woods and was captured after pursuit by law enforcement authorities. The Vermont State Police towed the truck to the state police office in St. Johnsbury and conducted an inventory search of its contents with the knowledge of the stolen plates and the further knowledge that there was an outstanding Vermont warrant for Hale's arrest for failure to appear to answer to burglary. The search revealed a .22 caliber pistol located in a duffel bag. When confronted by the pistol in the hands of law enforcement authorities, the defendant confessed to its theft in New Hampshire. He was tried in Grafton County Superior Court in a non-jury trial (*Perkins*, J.) and was convicted of theft of the pistol. His pretrial motion to suppress the pistol as evidence was heard by the trial judge and was denied in a written order. It is from this ruling

that the defendant appeals. We note that the State claims that the issue so raised was not preserved for appeal. Without ruling on such assertion, we will proceed as if the issue were properly before us. *See State v. Hurlburt*, 135 N.H. 143, 145, 603 A.2d 493, 494 (1991).

The language of the motion to suppress which is before us provides in pertinent part:

> "5. . . . During their search, the police opened containers and consulted computer services in an effort to identify stolen goods. If such activities are not in accord with written procedures which are regularly utilized by the police in all cases where abandoned cars are impounded, the search will be tainted by bad faith regarding the purpose of the investigation. *Colorado v. Bertice* [*sic*], 479 U.S. 367 . . . [(1987)]."

We point out at the outset that the notice of appeal posits one specific question for review.

> "1. Whether a warrantless search of defendant's automobile, conducted without probable cause or exigent circumstances, can be upheld as a [*sic*] inventory when the investigating authorities believed the owner to be a fugitive from justice, when they referred to the items inventoried as 'evidence,' and when their 'inventory' procedures exceeded the written inventory procedure of the department (including a concerted effort to identify stolen property)?"

The only question set forth in the defendant's brief, however, and argued here differs from the notice of appeal and involves a claim of constitutional infirmity dealing with the opening of closed containers, which was not argued in the trial court.

Motions to suppress in the superior court are governed in the first instance by Rule 94 of the Superior Court Rules, which provides in pertinent part that "every motion to suppress evidence shall . . . set forth all the facts and grounds . . . upon which the motion is based." The rule, it appears, contemplates at least some factual basis upon which to assert constitutional infirmity violative of part I, article 19 of the New Hampshire Constitution and the Fourth Amendment to the United States Constitution. We hasten to recognize, however, that there may be cases where the facts relied upon are so peculiarly within the control or knowledge of the government that the defendant is hardpressed to know of their existence and that the resolution of these matters is left in the first instance to the discretion of the trier of fact at the motion hearing.

██ It is a simple judicial task to answer the abstract question set forth in the defendant's brief. Where the police have no policy with respect to the opening of closed containers during inventory searches, evidence found in such containers must be suppressed. *Florida v. Wells*, 495 U.S. 1 (1990).

The defendant's original claim in his notice of appeal that the search was, in fact, investigatory and not simply done for inventory purposes might have produced a closer constitutional question for us in view of the fact that, with respect to those items bearing serial numbers, the police entered them in an NCIC computer to determine whether they had been stolen. This may be at odds with the purposes of an inventory search. *See id.* at 4 ("police officer must not be allowed so much latitude that inventory searches are turned into 'a purposeful and general means of discovering evidence of crime'" (citation omitted)). However, the trial court ruled against the defendant on this issue and it was not pressed in his brief nor argued on appeal and we, accordingly, deem it to have been waived here.

With respect to the claim relating to the closed container aspect of the inventory search which is the only issue before us, Superior Court Rule 94 requires a setting forth of *"facts and grounds."* (Emphasis added.) No facts were set forth in the motion, nor were they pursued at the hearing, to suggest that the gun sought to be suppressed was seized from a closed container. The following colloquy during Attorney Apfel's cross-examination of Trooper Ledo sets forth the entire record on this issue:

> "Q. Okay. Are you familiar with the .22 that's at issue in this case here in the State of New Hampshire? The Jennings?
>
> A. Yes.
>
> Q. Yes?
>
> A. Yes, sir.
>
> Q. Let's talk about that one. You found that where?
>
> A. It was in a duffle bag.
>
> Q. And that was taken out and the serial number was checked, wasn't it?
>
> A. Yes sir."

██ The record, as well as the motion to suppress, is barren of any facts indicating the nature of the duffel bag, its description or whether or not it was closed in any manner. At hearings on motions to suppress evidence such as the one involved here, it is basic that

the burden of proof of the legality of the search rests with the State in all cases. SUPER. CT. R. 94. The closed container aspect of the inventory procedure was not argued at the hearing nor did it play any role in the trial court's ruling. It is just plain asking too much of us to lean a claim of constitutional infirmity against such a slender reed as this record provides. The defendant's burden in this court is to provide us with a record upon which relief may be granted. *State v. Parra*, 135 N.H. 306, 309, 604 A.2d 567, 569 (1992). We do not have such a record before us in this case.

*Affirmed.*

All concurred.