Hillsborough-southern judicial district
No. 93-820

THE STATE OF NEW HAMPSHIRE

v.

KIMBERLY STERNDALE

March 23, 1995

446

Jeffrey R. Howard, attorney general (*Cynthia L. White,* assistant attorney general, on the brief and orally), for the State.

*Kinghorn & Maynard, P.A.,* of Nashua (*Eric R. Wilson* on the brief and orally), for the defendant.

BROCK, C.J. In this interlocutory transfer, the State appeals a ruling of the Superior Court (*Murphy,* J.) granting the defendant's motion to suppress certain evidence. The State argues that the search that uncovered the evidence was proper: (1) as a search incident to arrest; (2) under the exigent circumstances exception to the State constitutional warrant requirement; or (3) under the automobile exception to the State constitutional warrant requirement. We affirm and remand.

On April 26, 1993, Officer Kirk Gautier of the Nashua Police Department was on routine patrol in a marked police cruiser. At approximately 6:40 p.m., Officer Gautier observed an automobile make an abrupt turn without using its directional signal. Gautier followed the car and estimated its speed to be forty-two miles per hour. He activated the blue lights atop his police cruiser, and the vehicle slowed down but did not stop immediately. Gautier observed the driver, the sole occupant of the car, bend down and to the right and return to an upright position. Gautier then saw the driver turn to the right, grab a brown object and place it toward the rear of the vehicle.

The automobile Gautier was following came to a stop at the intersection of Walnut and High Streets in Nashua. Officer Gautier approached the car and asked the driver, the defendant, for her license and registration. She responded that she had neither, at which point

Gautier explained that he had stopped her for speeding. While speaking with the defendant, Gautier detected what he believed to be the odor of burning or burnt marijuana, which he brought to her attention. The defendant, according to Officer Gautier, admitted that she had just smoked a "joint," or marijuana cigarette.

Gautier then asked the defendant what she had put under the seat when she bent down and to the right. The defendant replied that she had not put anything under the seat. Thereupon the officer directed the defendant to exit the vehicle and step to the sidewalk with him, where they were met by Officer George McCarthy, who had arrived at the scene to assist Officer Gautier. While the defendant waited with Officer McCarthy, Officer Gautier returned to the defendant's car and looked under the passenger seat, where he found an ashtray containing partially burnt marijuana cigarettes, colloquially known as "roaches." Gautier confronted the defendant with the roaches and placed her under arrest. The defendant was handcuffed and placed in the back of Officer Gautier's cruiser.

After thus securing the defendant, Gautier returned to her vehicle and saw through the window a brown paper bag, apparently the item he had seen the defendant place behind her. Officer Gautier leaned inside the car, opened the paper bag, and found four clear, plastic bags containing what he believed to be marijuana. This evidence was suppressed by the superior court.

The State predicates its arguments against suppression solely on part I, article 19 of the New Hampshire Constitution, as this was the basis of the superior court's ruling. Therefore, we base our decision on State constitutional law, citing federal cases only as an analytical aid. *State v. Baroudi,* 137 N.H. 62, 64, 623 A.2d 750, 751 (1993). Under the New Hampshire Constitution, all warrantless searches are *per se* unreasonable, unless they conform to the narrow confines of a judicially recognized exception. *State v. Gallant,* 133 N.H. 138, 144, 574 A.2d 385, 389 (1990). Absent a warrant, the burden is on the State to prove that the search was valid pursuant to one of these exceptions. *State v. Murray,* 135 N.H. 369, 374, 605 A.2d 676, 679 (1992).

The State argues that the warrantless search of the brown paper bag was proper as a search incident to a valid arrest. Our decision on this issue is controlled by *Murray.* In that case, we held that the search incident to arrest exception to the warrant clause of part I, article 19 requires both temporal and spacial proximity to the arrest and applies only to "those items within the defendant's immediate control." *Id.* This is because such a search is limited by the exception's very specific justifications: the need to prevent harm to the arresting officer; the State interest in preventing the destruction of evidence; and the concern that the arrestee may obtain the elements of escape. *Id.*

■ In the instant case, the defendant was secured, in handcuffs, in the rear of a police cruiser, with two Nashua Police officers on the scene. As in *Murray,* where the defendant was out of her vehicle and in an ambulance, the legitimate law-enforcement concerns underlying the search incident exception plainly were not present in this case. Since the search was made only after the defendant was securely in custody and unable to gain access to the vehicle, it was not justifiable as a search incident to arrest. *Id.* at 374–75, 605 A.2d at 680. We note that this warrant exception, if construed broadly, could invite pretextual searches, as law enforcement officials in New Hampshire have the statutory ability to arrest individuals for minor traffic violations. *See* RSA 594:10, I(a) (1986). Thus, police could arrest an individual for speeding, secure that individual in handcuffs and, without probable cause, search his or her vehicle, were we to endorse the State's interpretation of the search incident exception.

■ The State also argues that the search was permissible under the exigent circumstances exception to the constitutional warrant requirement. This argument, however, was not raised before the trial court and thus will not be considered on appeal. *State v. Horne,* 136 N.H. 348, 349, 615 A.2d 1251, 1252 (1992). The State's objection to the defendant's motion to suppress states that "the patrolman was justified in making a further search [after finding the roaches] under the 'search incident to arrest' exception to the warrant requirement which led to his discovery of marijuana in the back seat." "Exigency" was mentioned in the objection only with respect to the roaches.

Similarly, at the suppression hearing before the superior court, exigency was not raised as a warrant exception justifying the search of the brown paper bag. The following exchange took place between the court and the prosecutor:

THE COURT: Is that your theory that this was a search incident to arrest?

COUNSEL: As far as the bag, yes, your Honor.

At oral arguments before this court, the State pointed to page twenty-six of the suppression hearing transcript as demonstrating that the State had raised the exigency exception below. Our review of the transcript reveals that the State was arguing that the automobile exception to the warrant requirement applied to the brown bag. Furthermore, any mention of exigent circumstances by the State at the hearing concerned either the roaches—not at issue in this appeal—or the automobile exception, which we discuss below.

The State's final justification for the search uncovering the evidence at issue is the automobile exception to the warrant requirement of the State Constitution. While acknowledging that this court has never explicitly recognized such an exception, the State invites us to adopt the federal constitutional standard, as articulated in such decisions as *United States v. Ross*, 456 U.S. 798 (1982), under part I, article 19 of the New Hampshire Constitution.

The United States Supreme Court has identified two justifications for the automobile exception to the fourth amendment to the United States Constitution: there is a "reduced expectation of privacy" in an automobile, and an automobile is "readily mobile" and could be "moved beyond the reach of the police." *California v. Carney*, 471 U.S. 386, 392–93 (1985); *see also California v. Acevedo*, 500 U.S. 565, 574 (1991) (privacy expectation and exigent circumstances). We find neither of these justifications convincing under the New Hampshire Constitution.

■■ Under our State Constitution, "where the search or seizure of a motor vehicle is involved, article 19 provides significantly greater protection than the fourth amendment against intrusion by the State." *State v. Koppel*, 127 N.H. 286, 291, 499 A.2d 977, 981 (1985). Moreover, this court has never adopted the "expectation of privacy" test, employed by the federal courts, to analyze issues under the New Hampshire Constitution. *See, e.g., State v. Alosa*, 137 N.H. 33, 37, 623 A.2d 218, 221 (1993); *State v. Valenzuela*, 130 N.H. 175, 180–81, 536 A.2d 1252, 1256 (1987), *cert. denied*, 485 U.S. 1008 (1988). Accordingly, the "reduced expectation of privacy" the Supreme Court has found inherent in an automobile under the fourth amendment is not persuasive under part I, article 19 of the New Hampshire Constitution.

■ Less convincing still is the theory that every automobile, due to its mobility, serves to justify governmental intrusion into the vehicle. Under our State constitutional jurisprudence, a parked car does not have the inherent mobility to justify a warrantless search. *State v. Camargo*, 126 N.H. 766, 771, 498 A.2d 292, 296 (1985). As in *Camargo*, in the case at bar, the police "could have avoided incurring undue risk of the vehicle being moved by simply assigning an officer to observe the . . . automobile while they obtained [a] warrant." *Id.* at 772, 498 A.2d at 296. This is especially true where, as here, the defendant is securely in custody and the police remain on the scene. *See Murray*, 135 N.H. at 376, 605 A.2d at 680.

Justice Blackmun correctly observed the Supreme Court's "vacillation in what is rightly described as this troubled area." *Ross*, 456 U.S. at 825 (*Blackmun*, J., concurring) (quotation omitted). We see no reason to become embroiled in this constitutional quagmire. *See generally* 3 W. LaFave, Search and Seizure § 7.2(b) (1987 & Supp.

1995). We decline to adopt an automobile exception under part I, article 19 of the New Hampshire Constitution.

*Affirmed and remanded.*

All concurred.