Hall v. Cunningham                          CV-97-207-B     06/29/98
                    UNITED STATE DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Larry Hall

        v.                              Civil No. 97-207-B

Michael Cunningham


                            O R D E R

    Larry Hall has filed a habeas corpus petition raising

several federal questions that he listed in his state court

notice of appeal but omitted from the brief he filed with the New

Hampshire Supreme Court.

    New Hampshire Supreme Court Rule 16(3)(b) requires an

appellant to specify the "questions presented for review" in his

brief.  Because Hall failed to list any of his federal law issues

in his state supreme court brief, he failed to present these

claims to the court for decision.  Accordingly, his petition must

be dismissed.  See Ford v. Zavaras, No. CIV. A. 97-Z-842, 1998 WL

236211, at *1, 5 (D. Colo. May 1, 1998) (copy attached).

    The New Hampshire Supreme Court has consistently ruled that

an appellant waives any argument that is presented only in a

notice of appeal.  See, e.g., State v. Hale, 136 N.H. 42, 45

(1992); Woodman v. Perrin, 124 N.H. 545, 550 (1984); State v.

Perkins, 121 N.H. 713, 715 (1981).  Accordingly, it might be

argued that Hall should not be required to exhaust state court

remedies because exhaustion would be futile. <u>See, e.g.</u>, 28 U.S.C. § 2254(b)(1)(B)(i) (West Supp. 1998) (exhaustion not required "if there is an absence of available State corrective process"); <u>see also</u> <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981). I reject this argument because it is conceivable that the New Hampshire Supreme Court could make an exception to the waiver rule in this case if it were to accept Hall's claim that he failed to raise the federal law issues in his brief because his appellate counsel was ineffective.[1]

Hall's habeas corpus petition is dismissed without prejudice so that he may exhaust his state court remedies.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

June 29, 1998

cc: Sven Wiberg, Esq.

_____

[1] Although I have authority to deny a habeas corpus petition on the merits even though the petitioner has failed to exhaust his state court remedies, <u>see</u> 28 U.S.C.A. § 2254(b)(2) (West Supp. 1998), I decline to exercise that authority here without first giving Hall an opportunity to present his claims in state court.