Scott Brooker v. Warden, NHSP      CV-99-106-B      01/10/00

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Scott Brooker

    v.                                    Civil No. 99-106-B
                                        Opinion No. 2000 DNH 010
Warden, NHSP


MEMORANDUM AND ORDER


Scott Brooker was sentenced on July 25, 1980. He received two consecutive 7-1/2 to 16-year sentences and one concurrent 7-1/2 to 15-year sentence. He received credit for 229 days of pretrial confinement. Brooker filed a habeas corpus petition arguing that the prison violated his right to due process of law in the way in which it calculated and applied his good time credits against his maximum release date. I subsequently granted the warden's motion for summary judgment and dismissed the petition. Brooker now seeks a certificate of appealability.

Brooker's petition is based upon an erroneous interpretation of New Hampshire law. When Brooker committed his crimes, New

Hampshire law specified that

> any prisoner may by good conduct and obedience to the rules of said prison earn credits against his sentence as follows:
>
>> I. Ninety days for each full year of the minimum term of his sentence prorated for a part of any such year, to be applied only against the minimum term of the sentence;
>>
>> II. In addition to the foregoing, 5 days for each month of meritorious service, which may be granted in the discretion of the warden for exemplary conduct. Credits for meritorious service shall be applied against both the minimum and maximum terms of the sentence.

N.H. Rev. Stat. Ann. 651:55-b, eff. Aug. 22, 1979.

This statute plainly provides that regular good time credit may not be applied to a prisoner's maximum term. Further, the New Hampshire Supreme Court has authoritatively construed the statute to provide that meritorious service good time credit may be earned only by actual service rather than by the length of the prisoner's minimum or maximum sentence. See Fielders v. Cunningham, 127 N.H. 211, 213 (1985). Thus, a prisoner is eligible to earn and apply against the maximum portion of his

sentence up to 5 days of meritorious good time credit for each month that he actually _serves_.  The prison implements this statute through a Policy and Procedure Directive that correctly interprets the statutory requirements.  _See_ Exhibit to Defendant's Motion for Summary Judgment, doc. no. 16.  Further, the warden produced an affidavit from a prison official demonstrating that Brooker's maximum release date will be determined in the manner specified by New Hampshire law. Finally, Brooker has failed to produce any evidence to support his claim that the prison has deviated from the statute's requirements in calculating his maximum sentence.  Since Brooker cannot claim that he is being deprived of any good time credits to which he is entitled under state law, his due process claim has no merit.  Accordingly, Brooker has failed to make a substantial showing of the denial of a constitutional right. Brooker's request for a certificate of appealability is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge


January 10, 2000

cc:  Scott Brooker, Esq.
     Michael K. Brown, Esq.