Grafton
No. 99-099

THE STATE OF NEW HAMPSHIRE

v.

FORREST FINN

February 15, 2001

*Philip T. McLaughlin*, attorney general (*Constance N. Stratton*, assistant attorney general, on the brief and orally), for the State.

*Schuster, Buttrey & Wing, P.A.*, of Lebanon (*Claude T. Buttrey* on the brief and orally), for the defendant.

NADEAU, J. The defendant, Forrest Finn, was convicted in Superior Court (*Fitzgerald*, J.) of possession of a controlled drug, *see* RSA 318-B:2, I (1995), and possession of a hypodermic needle, *see* RSA 318:52-e (1995). On appeal, he argues that the trial court erred in denying his motion to suppress evidence seized pursuant to an unlawful search of his motor vehicle. We reverse and remand.

The following facts are not disputed. On March 27, 1998, in the early morning, an Enfield police officer stopped the defendant on Interstate 89 for having a broken taillight. A license status check revealed that the defendant's license had been suspended. The officer arrested the defendant and placed him in the back of the police cruiser. Upon learning that the defendant's only passenger also did not have a valid license, the officer placed her in protective custody and seated her in the cruiser as well.

The officer then called a wrecker to tow the defendant's vehicle and conducted an inventory search of the vehicle. During the search, the officer found a zipped grey vinyl bag on the back seat which he thought might contain a camera. The officer unzipped the bag and found inside it a closed blue bag. When he opened the blue bag he found six packets of heroin and four hypodermic needles, which form the basis of the charges against the defendant.

The defendant filed a motion to suppress the contraband which the trial court denied, ruling that

> [t]he facts in this matter are not disputed and the sole issue is whether the inventory search conducted by the arresting officer exceeded the bonds [sic] permitted by the "inventory" search policy of the Enfield Police Department. The Court holds that it does not. To preclude an officer from inventorying the contents of an unsecured bag on the rear seat of a vehicle would strip the inventory search policy of all meaning.

"Our review of the superior court's order on [a] motion to suppress is de novo, except as to any controlling facts determined at the superior court level in the first instance." State v. Daniel, 142 N.H. 54, 57 (1997) (quotation omitted).

The defendant first argues that the inventory search violated his State and Federal Constitutional rights because the officer conducting the search opened closed containers without being specifically authorized to do so by the Enfield Police Department's inventory policy.

The department's policy provides as follows:

> Each vehicle impounded by this Department will be inventoried.
>
> 1. Two copies of the forms will be used. One for file, the other to be given to the tow operator.
>
> 2. A complete check of the vehicle will be made to include the trunk and glove box. If the latter cannot be readily

opened, force will not be employed unless there is a compelling reason.

3. Evidence or expensive articles will be secured in the police evidence room.

4. If the vehicle is to be released, the tow operator will be so informed and provided a copy of the form.

The State contends that although the policy does not explicitly authorize the opening of closed containers, it implicitly does so because for officers to perform a "complete check" of the vehicle and to remove any "expensive articles" from the vehicle they would be required to open closed containers. We disagree.

We address the defendant's State constitutional claim first, *see State v. Ball*, 124 N.H. 226, 231 (1983). We refer to decisions of the United States Supreme Court and other jurisdictions as aids in our analysis, *see Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). Because the State Constitution provides at least as much protection in this area as the Federal Constitution, we do not conduct a separate federal analysis. *See State v. Sterndale*, 139 N.H. 445, 449 (1995).

Part I, Article 19 of our State Constitution provides that every citizen of the State has "a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions." We have held that "where the search or seizure of a motor vehicle is involved, article 19 provides significantly greater protection than the fourth amendment against intrusion by the State." *Id.* (quotation omitted).

In *Florida v. Wells*, 495 U.S. 1 (1990), the United States Supreme Court affirmed the Florida Supreme Court's suppression of evidence seized during an inventory search as violating the Fourth Amendment to the Federal Constitution. There, during an inventory search of an impounded automobile, the police seized evidence after opening a closed container. The police had no policy with respect to the opening of closed containers encountered during inventory searches. *See id.* at 3-5.

Viewing favorably the reasoning of *Florida v. Wells*, we have said that "[w]here the police have no policy with respect to the opening of closed containers during inventory searches, evidence found in such containers must be suppressed." *State v. Hale*, 136 N.H. 42, 45 (1992) (quotation omitted). Our language in *Hale* supports our conclusion here that the opening of the closed container in the defendant's vehicle is unconstitutional because it

violated the defendant's rights under Part I, Article 19 of our State Constitution.

We see no legal distinction between an inventory policy that does not include a procedure for searching a closed container, as exists here, and having no policy on the opening of containers as proscribed in *Hale*.

The State argues that the law does not require that the inventory policies be in writing, but only that they constitute an "established routine" such that the officers understand them. *Florida v. Wells*, 495 U.S. at 4. We need not address this issue because there is no evidence in the record that an "established routine" existed within the Enfield Police Department with respect to searching closed containers.

Because we reverse the trial court's order for the reasons set forth above, we need not address the defendant's remaining argument that the State Constitution's privacy protections prohibit any search of closed containers in an impounded automobile.

*Reversed and remanded.*

BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.